# JONATHAN K. COOPER

## *v.*

# WILLARD M. RANDALL *et al.*

1. NUISANCE—*of the use of one's own property, as between adjacent proprietors.* In an action on the case, it appeared the defendant had erected and was operating a flouring mill upon a lot adjacent to the plaintiff's dwelling house, whereby, as plaintiff claimed, large quantities of chaff, dust, smut and dirt were thrown into and upon his house, rendering it uncomfortable as a habitation: *Held,* the plaintiff had a right of action, and was entitled to damages in proportion to the degree of the injury.

2. In such case, the right of action does not depend upon the degree of the injury. If it exist at all, it exists as well for a slight as for a great injury.

3. Still the injury must be something more than a fanciful inconvenience, a question of mere delicacy or fastidiousness, arising from elegant and dainty habits of life; it must be a clear and plain interference with ordinary comforts or enjoyments.

4. Even if a business be lawful in itself, and is carried on with reasonable diligence to prevent it becoming an injury to others, still the proprietor will be held responsible in damages to one who does receive injury therefrom, as, in rendering his dwelling uncomfortable as a habitation.

5. EVIDENCE—*where vindictive damages are claimed.* So, it would be incompetent in such case for the defendant to prove that the machinery used in the business was good, and the business was properly managed, except where the plaintiff claimed vindictive damages, on the ground of gross carelessness or wanton injury. Such evidence could not be received to show defendant was not liable to damages at all.

6. SAME—*as to use of other property of the plaintiff.* Nor would it be competent in such case, where the action was for an injury to a particular house of the plaintiff, for the defendant to prove that another house in the same neighborhood, owned and rented by the plaintiff, was a disreputable house. Such evidence would be wholly foreign to the issue.

APPEAL from the Circuit Court of Peoria county; the Hon. S. D. PUTERBAUGH, Judge, presiding.

The opinion states the case.

Mr. H. GROVE and Mr. D. McCULLOCK, for the appellant.

The defendant erected and carried on a flouring mill on a lot adjacent to the house of the plaintiff, from which chaff, dust, smut and dirt were thrown into and upon the house, rendering it uncomfortable as a habitation. The plaintiff clearly has a right of action. Blackstone says, if one does an act "in itself lawful, which yet being *done in that place*, necessarily tends to the damage of another's property, it is a nuisance; for it is incumbent on him to find some other place to do that act, where it will be less offensive." 3 Blk. Com. 217. See also 1 Hilliard on Torts, 639 ; every person must so use his own property as not to injure that of another. Ibid 125 ; *Whitney* v. *Bartholomew*, 21 Conn. 213. As to what constitutes a nuisance, by the improper use of one's own property, see *Ross* v. *Butler*, 4 C. E. Green, 294 ; *Richard's Appeal*, 57 Penn. St. 105 ; *Crump* v. *Lambert*, Law Rep. 3 Eq. 409 ; *Nevins* v. *City of Peoria*, 41 Ill. 502.

Mr. OLIVER C. GRAY and Mr. W. W. O'BRIEN, for the appellees.

Whether any given manufacturing establishment is a nuisance or not, depends entirely on surrounding circumstances, and facts, and these are : First, is the business a lawful one ? Second, is it carried on in a proper place, under all the circumstances ? Third, is it conducted and carried on with reasonable and proper care, and used in that manner that will do the least reasonably possible injury to others ? And lastly, and most important of all, "Does it materially or substantially injure or lessen in value the property, or the rental value of the property, of another, or essentially interfere with another's use of his premises, in the way of materially diminishing its value, comfort or enjoyment ?" The first of these requisites is a question of law, to be determined by the court. All the rest are questions of fact for the jury. 1 Hilliard on Torts, 644. See, also, *Walter* v. *Selfe*, 4 De G. & S. 315 ; *Tipping* v. *Smelting Co.* 4 B. & S. 608 ; *Bamford* v. *Turnley*, 3 B. & S.

66; *Stockport Water Works* v. *Porter*, 7 Hurls. & N. 160; *White* v. *Cohen*, 1 Drew, 312; *Ryan* v. *Copes*, 11 Rich. Law 217.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action on the case, for injuries alleged to have been done to the premises of appellant, by the erection and operation of a flouring mill upon an adjacent lot, whereby the plaintiff claims large quantities of chaff, dust, smut and dirt were thrown into and upon his house. The jury found for the defendants, and the plaintiff appealed.

The counsel for the respective parties in this case do not widely differ in their view of the law, and it is therefore unnecessary to consume time in its discussion. Counsel for appellant insist the case has been defended on the theory, that, as the erection of a flouring mill is lawful in itself, if the defendants, in the erection of their mill, have used all known means to prevent the escape of chaff, dust, dirt and smut, they are not liable for injuries resulting therefrom to adjacent property. The counsel for defendants expressly repudiate this theory, which, it is hardly necessary to say, would be wholly untenable, and admit the defendants are liable, if, in erecting and operating their mill, they have materially and substantially injured, or lessened in rental value, the property of plaintiff. The difference comes down to this, that plaintiff's counsel insist the defendants are liable if they have injured the plaintiff's property in any degree, while the defendants' counsel insist, they are liable only for material and substantial injuries. Practically, the difference is of little moment, as a jury would never give damages where the injury was so slight as to be merely fanciful, and incapable of a reasonable measurement in dollars and cents.

As an abstract question, however, there can be no doubt, that where there is a right of action at all in cases of this character, it exists as well for a slight as for a great injury.

It would be very illogical to say that the right of action depends on the degree of the injury, holding that one may causelessly harm his neighbor a little, but shall not harm him very much. Still, as was said by Vice Chancellor BRUCE, in *Walter* v. *Selfe*, 4 Eng. L. and Eq. Rep. 22, the injury must be something more than a fanciful inconvenience, a question of mere delicacy or fastidiousness arising from elegant and dainty habits of life; it must be a clear and plain interference with ordinary comforts or enjoyments. Illustrations of this distinction may readily be given. For example, the owner of a costly house, upon a fashionable street, might regret to see the proprietor of an adjoining lot erect thereon a row of mean and unsightly tenements, but he would have no legal right of complaint. If, however, a business is established which sends into a neighboring house smoke and vapor, or offensive odors, or dust and dirt, to a degree which renders it uncomfortable as a habitation, the proprietor has a right of action, and would be entitled to damages in proportion to the degree of the injury.

The instruction given for the defendants in this case, that the plaintiff could not recover unless he had proven "a material injury," might, unaccompanied by explanation, mislead a jury. If understood by them as meaning that the plaintiff must show a real and not imaginary or fanciful interference with the reasonable enjoyment of his property, it would not be liable to objection. If construed as stating that they must find against the plaintiff, unless he had proven a great injury to his property, as distinct from a slight one, or because the occupation of his house had only been rendered slightly uncomfortable, it would be obviously incorrect. If, for example, the smoke from an adjacent mill were to fill a man's house only one day in the year, but during that day rendered it an uncomfortable abode for himself and his family, although the injury, in view of the shortness of its duration, would be slight, it would nevertheless be a palpable injury, for which the law should furnish a remedy.

28       COOPER *v.* RANDALL *et al.*       [Sept. T.,

Opinion of the Court.

We do not decide, however, whether the use of this term, unexplained, is so objectionable as to be, of itself, a sufficient ground for reversing the judgment. It must be reversed on other grounds, and as this point has been discussed by counsel we have said thus much, in order that the court, on another trial, may explain the law with more precision.

So, too, of the first instruction given by the court on its own motion, the latter part of which reads as follows:

"No action can be maintained for the reasonable use of a flouring mill, or for carrying on any other legitimate business in a convenient and proper place, even though some one may suffer inconvenience thereby. Where a lawful trade is established and carried on, in a suitable and proper place for such business, the law imposes upon the proprietors reasonable diligence in the manner of carrying on such trade or business, to prevent injury to the rights of others. You should determine in your minds whether defendants' mill was erected and operated in a suitable and convenient place for business of that nature, and if you consider the mill was erected in an improper locality, was the manner of conducting the business of the mill such as to make the enjoyment of life and property uncomfortable?"

This instruction is not as clear as could be desired, but in view of the evidence, we fear it may have misled the jury. We understand it to assume, if a lawful business is established and carried on in a place suitable to the business itself, the proprietors of such business are not responsible in damages, even though their business works injury to others, if they use reasonable diligence in conducting it. If this is the meaning of the instruction, it can only be attributed to the fact that it was prepared in the hurry of a trial, as the other instructions given by the court announce a different principle, and it is not claimed by counsel for appellees that such a construction would be the law. Perhaps we misapprehend the instruction, but it should be modified on another trial.

We must reverse this judgment independently of objections to the instructions, because of the admission of illegal evidence. The defendants were allowed to prove, against plaintiff's objections, that another house in the same neighborhood, owned and rented by the plaintiff, was a disreputable house. This was precisely one of those pieces of evidence which could be used with great effect before a jury in a case of this character, and which was clearly inadmissible because wholly foreign to the issue.    The issue was, whether the mill was an injury to this property, and no light could be shed upon that question by evidence in regard to the occupancy of another house in the neighborhood.

A good deal of evidence was also admitted, against the objections of plaintiff, for the purpose of showing that the machinery of the mill was excellent, and that the business was properly managed.    If the plaintiff had claimed vindictive damages, on the ground of gross carelessness or wanton injury, this evidence would have been proper.    But his evidence indicated no such claim, and we do not understand this testimony to have been offered by the defendants for the purpose of meeting such a claim, but to show they were not liable to damages at all.    The plaintiff did not base his claim on bad management by the defendants, or the use of imperfect machinery, but on the naked fact that the mill, by the chaff, dust, dirt, and smut thrown out, had injured his property, by interfering with its comfortable occupancy ?    If such was the fact, he was entitled to damages without reference to the degree of care used in running the mill, or the character of the machinery.    The court, on another trial, should admit this evidence only with the explanation that it was admitted for that purpose, and should not admit it at all if vindictive damages are disclaimed.    This evidence raised a false issue, upon which, in connection with the instructions above considered, we are inclined to think the jury found their verdict.    The judgment is reversed and the cause remanded.

*Judgment reversed.*