G., B. & L. R'y Co. ET AL. v. Eagles.

1. Legal possession by a railroad company of the right of way over land, and authority to construct and operate its railroad thereon, do not authorize or sanction a direct intrusion and trespass upon adjacent private property.

2. In general if a voluntary act, lawful in itself, may naturally result in the injury of another, or the violation of his legal rights, the actor must at his peril see to it that such injury or such violation does not follow or he must expect to respond in damages therefor; and this is true regardless of the motive or the degree of care with which the act is performed.

3. But such injury must be the proximate consequence of the act complained of. And if there be no intermediate efficient cause the act must be considered as reaching to the effect.

*Appeal from County Court of Clear Creek County.*

THE appellant company, having procured the right of way for its railroad through Georgetown, proceeded to

excavate for its road-bed. In so doing, the removal of rock by blasting became necessary. While its employees were thus engaged, large pieces of rock and other *debris* were hurled into the air, falling at considerable distances, and upon the premises of private parties, including plaintiff, living in the vicinity. Pieces of the rock thus thrown fell upon the roofs of two of plaintiff's buildings, badly breaking them, and doing considerable damage. Besides this, plaintiff avers, and supports the averment with proof, that, by reason of the danger from falling missiles, tenants vacated his premises, other persons refused to lease, the buildings remained vacant, and he was seriously injured by the loss of his usual rentals. To recover for these alleged damages, plaintiff brought this action. The jury returned a verdict for the sum of $275, upon which verdict judgment was duly rendered.

Messrs. Teller and Orahood, for appellant.

Messrs. Thomas J. Cantlon and John C. Fitnam, for appellee.

Helm, J. It is conceded that the defendant company was in possession of the right of way lawfully, and that it was engaged in the prosecution of a lawful enterprise. It is further conceded that there was no actual intention to injure plaintiff. No direct evidence was offered to show negligence or carelessness in the blasting. And unless the fact of the missiles falling upon plaintiff's premises, and the consequent danger and damage, be regarded as proof of negligence, or create a presumption of negligence, we must assume that defendants proceeded with ordinary care and caution.

The principal question submitted for adjudication is as follows: Was plaintiff, under the circumstances, entitled, as a matter of law, to recover? Defendants did not plead or prove any authority, either by contract or by compliance with law, to cast the fragments of earth and rock

upon plaintiff's premises.   Legal possession by the company of a right of way over adjacent land, and authority to construct and operate its railroad thereon, did not, of themselves, authorize or sanction a direct intrusion and trespass upon plaintiff's private property.   *St. Peter v. Denison*, 58 N. Y. 416; *Hay v. Cohoes Co.* 2 N. Y. 159; *Scott v. Bay*, 3 Md. 431.

Counsel for defendants rely in argument upon the proposition thus stated in their brief: "If damage result from doing a lawful act in a lawful manner, no recovery can be had."   It is true that an act may produce both injury and damage, yet no right of action exists in favor of the party aggrieved.   But the proposition of counsel must be accepted with the proviso that the act, or the manner of its performance, do not result in the invasion of the legal rights of another.   This proviso is fairly implied by counsel's language; for, if such rights are directly abridged, the act and the manner of its performance cannot both be "lawful."   In general, if a voluntary act, lawful in itself, may naturally result in the injury of another, or the violation of his legal rights, the actor must at his peril see to it that such injury or such violation does not follow, or he must expect to respond in damages therefor; and this is true regardless of the motive or the degree of care with which the act is performed.   See the following cases, and others cited therein: *Hay v. Cohoes Co.* 2 N. Y. *supra; Tremain v. Cohoes Co.* 2 N. Y. 163; *Cahill v. Eastman*, 18 Minn. 324 (Gil. 292); *Phinizy v. Augusta*, 47 Ga. 260; *Rylands v. Fletcher*, L. R. 3 H. L. 330; *St. Peter v. Denison*, 58 N. Y. *supra; Wilson v. New Bedford*, 108 Mass. 261; *Scott v. Bay*, 3 Md. *supra; Cooper v. Randall*, 53 Ill. 24.

Plaintiff in the case at bar was entitled to the undisturbed possession, use and enjoyment of his premises, and to the rents and profits therefrom.   These were *legal rights* with which defendants could not in law so justify direct interference as to escape accountability.   Perhaps,

on the ground of public policy, an injunction to restrain the excavating of defendant company's road-bed would not have issued at the suit of plaintiff, even though blasting were necessary; but public policy could not exonerate the company from liability for private damage directly resulting from its acts. The company was bound at its peril to see that plaintiff's rights of property were not injuriously affected. In so far as these rights were interfered with by defendants' acts, such acts were wrongful; and if the injuries complained of were the natural and proximate consequence thereof, plaintiff was entitled to recover.

"It is generally held that, in order to warrant a finding that * * .* an act not amounting to wanton wrong is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the * * * wrongful act, and that it ought to have been foreseen in the light of the attending circumstances." *Milwaukee, etc. R. R. v. Kellogg*, 94 U. S. 469; Cooley, Torts, p. 69, and note 1, p. 70.

Speaking of *Hay v. Cohoes Co.*, *supra*, the supreme court of Missouri uses the following language: "The scattering of the fragments of rock in all directions, beyond the control of the party, was a natural consequence of the blasting, and must have been foreseen as probable." *Miller v. Martin*, 16 Mo. 508.

In considering this question, juries are usually called upon to inquire whether, among all the specific circumstances, there appears an intermediate cause between the act or wrong complained of and the injury produced. And, if "there is no intermediate efficient cause, the original wrong must be considered as reaching to the effect, and proximate to it." *Milwaukee, etc. R. R. v. Kellogg, supra.*

Looking to the circumstances in the case before us for an intervening cause, the jury could not reasonably have

found one. The casting of the rock and *debris* upon plaintiff's premises was the wrongful act. The damage to the buildings struck, and the frightening away of his tenants, were the direct and proximate effects. Upon some of the minor questions involved, the evidence might have been more satisfactory; but we cannot pronounce it wholly inadequate to sustain a finding that actual danger existed from the falling missiles, whereby certain tenants were reasonably induced to vacate the premises, and other persons deterred from leasing. We do not feel warranted in disturbing the verdict for insufficiency of the evidence.

If the court erred in charging the jury, it was in defendants' favor. The instruction, given upon defendants' request, that "plaintiff is not entitled to recover anything in the way of damages arising necessarily from the proper execution of the work," might possibly have misled the jury; but their verdict clearly shows that it did not; and, besides, had it done so, it is obvious that defendants could not complain. If it be true that this instruction conflicts with another, such conflict could in no way have prejudiced defendants, or either of them. Our views of the law already announced obviates the necessity of discussing further objections to the charge.

It is assigned for error that while upon the witness stand plaintiff was asked, "Could you not have rented these tenements but for the railway?" and answered, "I think I could." No question of science, skill or trade was being inquired into. The belief of plaintiff was based upon facts within his own actual knowledge. These facts were detailed by him to the jury, in connection with the testimony objected to. The cause of plaintiff's failure to rent his premises was the gist of the investigation; it was one of the ultimate facts to be established. Under the circumstances, the court did not err in receiving the opinion of plaintiff, if opinion it can

be called. *Hannah v. Barker*, 6 Colo. 303; 1 Greenl. Ev. § 440, and notes; opinion of Doe, J., in *State v. Pike*, 49 N. H. 408.

. The judgment of the court below is affirmed.

*Affirmed.*