THE CHICAGO, WILMINGTON AND VERMILLION COAL COMPANY

v.

GEORGE E. GLASS.

*Nuisances—Explosion of Gunpowder—Damages—Pleading—Instructions.*

1. A plea of the general issue, after overruling of a demurrer, is a waiver of the right to move in arrest of judgment, for the legal insufficiency of the declaration.

2. A person who places a powder magazine in dangerous proximity to another's dwelling, is liable for damages resulting from its explosion without his direct negligence.

3. Where the establishment and maintenance of a public nuisance results in injuries to others, it is not necessary, in order to render the person maintaining it liable, to show his immediate and direct agency in causing the injury.

4. Nor is it necessary that the nuisance shall have been prohibited by law.

[Opinion filed December 16, 1889.]

APPEAL from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding.

Messrs. GEORGE S. HOUSE and WALTER REEVES, for appellant.

Messrs. GEORGE E. GLASS and WILLIAM H. BOYS, for appellee.

C. B. SMITH, J.    This was an action on the case brought by appellee against appellant to recover damages done to his house by reason of the explosion of a powder magazine near appellee's house.    On the trial below the appellee had a verdict for $23, and after overruling a motion for a new trial the court rendered judgment on the verdict, to which appellant took exceptions and now brings the case here on appeal, an l assigns the usual errors, with the additional assignment that the court erred in not sustaining appellant's motion in arrest of judgment.

The facts in this record are briefly these:    In 1877 appellant erected a large powder magazine just outside the city limits of the city of Streator, where it kept large quantities of blasting powder stored until the 21st day of July, 1887.    On that occasion there were about 800 kegs of blasting powder in the magazine.    At that time there were something like fifty houses occupied for residences within fifty rods of this magazine.    Appellee's house was within 1,200 or 1,300 feet of the magazine.    On the night of July 21, 1887, during a storm in the night, lightning struck this magazine and exploded the powder contained in it, doing a great deal of damage to houses in that vicinity.    Appellee's house felt the shock and was injured, and it is to recover for this injury that this suit is brought.

The declaration contains five counts.    Appellant demurred to the declaration, but the court overruled the demurrer and thereupon appellant pleaded the general issue.

A preliminary question is presented and apparently relied on with confidence by appellant.    It is assigned as error that

the court erred in overruling appellant's motion in arrest of judgment. It is now urged that the declaration was not legally sufficient, and did not state such a cause of action as could be cured by verdict. This question is not before us and we can not consider it. Appellant waived that point when it pleaded the general issue. If it had desired to insist on the legal insufficiency of the declaration, then it should have abided by its demurrer. Pleadings to the merits after demurrer is overruled is an admission that the declaration states a good cause of action, and is a waiver of any and all right to again call that matter in question, by motion in arrest or otherwise. American Express Co. v. Pinkney, 29 Ill. 392; The Quincy Coal Co. v. Hood, 77 Ill. 68; Russell v. Whiteside, 4 Scam. 12.

The only question necessary for us to consider under the state of the pleadings is, whether the plaintiff proved his cause of action as alleged in the declaration. There is no allegation in the declaration that the magazine was negligently constructed.

It is alleged that it was built in dangerous proximity to the city and to the residences of the inhabitants, and that it exploded, doing the damage complained of. No reason is assigned in the declaration as to how or by whose fault it was exploded.

All the averments in the declaration were clearly and fully proven; but appellant insists that upon this proof appellee can not recover.

Sec. 277 of the criminal code of this State declares a powder magazine located within fifty rods of any occupied dwelling, or to establish them near incorporated towns, at a point different from that appointed by law, shall be a public nuisance.

Appellant contends that the evidence does not show any relation between the original and wrongful act of placing the magazine at a place prohibited by law, and the injurious consequences resulting to appellee from its explosion, caused by the lightning, without any agency of any kind upon the part of the appellant.

We do not think it necessary that the proof should show any immediate and direct agency on the part of the appellant causing the injury, when the original or primary cause was the establishment of a public nuisance by it, from which the mischief finally came, and but for which nuisance no harm would have resulted; nor in cases where the maintenance of a nuisance *per se* results in hurtful consequences to others, or whereby man or property is or are placed in perpetual danger and alarm from its close proximity. Burton v. McClellan, 2 Scam. 434; Westgate v. Carr, 43 Ill. 450; Weick v. Lander, 75 Ill. 96; Cooper v. Randall, 53 Ill. 24.

It is not necessary that a powder magazine (or for that matter any other nuisance) should be prohibited by law or by ordinance, in order to make those who maintain it responsible for injury to person or property caused by it. Hegg v. Licht, 80 N. Y. 579; Cheatem v. Shearon, 1 Swan. (Tenn.) 213, reported in 55 Am. Decisions, 735.

It will be seen by reference to the foregoing cases, and they might be multiplied greatly, that whoever does an unlawful act, placing in jeopardy the lives or property of others, does so at his peril, and that if injury result to others as a consequence of such an unlawful act, he must respond in damages. The rule is well nigh (if not entirely) universal that men must so use their own property and so exercise their own privileges, that they do not thereby destroy or imperil the rights of others, and this is so even in the exercise of rights not prohibited by law, and in the exercise of trades and business not a nuisance *per se*. This rule is so consistent with reason and justice, that it would seem no argument can add to its force or the citation of authorities to its justice.

On the trial below, counsel for appellant asked the court to instruct the jury in ten different instructions and in different ways, in substance, that even if they believed the magazine was within fifty yards of private, occupied dwellings and contained large quantities of powder, and was built and maintained by appellant, and that it was not negligently constructed, and that it was struck and exploded by a bolt of lightning and damage done to plaintiff, still the plaintiff could not recover,

even if the jury should believe the erection and maintenance of the magazine was a public nuisance. The court refused to give all these instructions, but on its own motion gave to the jury the following instruction:

"If the jury believe from the evidence that the defendant kept and maintained a powder house or magazine for storing large quantities of blasting powder, so near the house of the plaintiff as to be liable to damage the same, if said powder should explode in said magazine, and that a large quantity of blasting powder did explode therein, and thereby plaintiff's house was damaged, then the jury should find the defendant guilty and give the plaintiff such damage as the proofs show he actually sustained."

This was the only instruction given to the jury. It will be seen that this instruction simply required the plaintiff to prove the averments in his declaration, and omitted all reference to any act of negligence or direct agency on the part of the appellant, as necessary to be shown in the proof in order to entitle the plaintiff to recover. The omission in this instruction, and in the proof, of any reference to any negligence on the part of appellant or of any direct agency on its part to cause the explosion of the magazine, forms the ground of complaint on the part of appellant against this judgment, and against the action of the court in refusing in its instructions to the jury to recognize these elements of negligence or direct agency on the part of appellant, as necessary to a right of recovery.

We think the court properly disposed of the instructions, and that there was no error in refusing those asked by appellant, nor in giving the one which was given.

If the principle contended for by appellant be correct, then in no case could a recovery be had for damages done by an exploded powder magazine occasioned by lightning or by fire, started without the direct agency of the owners or occupants of such magazines, and they might be erected and maintained in thickly populated districts, without protection to life or property, when exploded by fire from the clouds without any possibility of human agency, or by fire from the earth without

actual negligence or wrong from the owner or occupant of the magazine.

In Myers v. Malcolm, 6 Hill (N. Y.), 292, a large quantity of gunpowder was stored over a carpenter shop, where no fire was kept, and the building locked at night. By some unknown agency, without any fault or wrong of the owners of the shop appearing, the building took fire in the night time and the powder was exploded and several persons were killed. The court say that "if the placing of the powder in that place was a nuisance (and the jury found it to be so), then the authorities are abundant to show that the defendants were answerable to the plaintiff for the personal injury occasioned by the explosion."

In McAndrews v. Collerea, 13 Vroom (N. J.), 189, which was an action to recover for an injury sustained by the explosion of a powder magazine, in the night time, and from some unknown cause, the defendant insisted there as here, that he was not liable, because no negligence or direct agency causing the explosion was shown as against him. But the court in disposing of the case say: "The keeping of gunpowder, nitro glycerine or other explosive substances, in large quantities, in the vincinity of a dwelling house or place of business, is a nuisance *per se*, and may be abated as such by an action at law or an injunction in equity, and if actual injuries result therefrom the person keeping them is liable therefor, even though the act occasioning the explosion is due to other persons and is not chargeable to his personal negligence. * * * The justice correctly charged in this case that if the nuisance complained of was a public nuisance (and it was there made so by the statute, as in this State), no degree of care would relieve from liabilty to respond in damages arising from it." And to the same effect is the case of Hegg v. Licht, 80 N. Y. 658, *supra*.

We are cited to many cases by appellant where some original act was done in violation of some law or ordinance, which seems to have been the remote or antecedent and indirect cause of injuries, and where it has been often held that, not withstanding the original and remote cause (and without

which no injury would have resulted) was an unlawful act or in the nature of a nuisance, still, the original wrongdoer would not be held liable except on proof of some act of negligence or direct agency on his part, as the direct and immediate cause of the mischief. But it will be found, upon a careful examination of most if not all of that class of cases, that the original or wrongful acts which had been and were prohibited were not of a class that were inherently and necessarily productive of great danger or peril to life or property, nor such acts as were in themselves a nuisance, recognized as such by all mankind, and also declared to be such by legislative enactment.

All men look upon large quantities of powder stored in magazines, and upon nitro glycerine and dynamite as exceedingly dangerous when stored in close proximity to human habitation. No man will willingly live near them. By the laws of every civilized State and the ordinances of every city and town, these dangerous and powerful elements are banished from thickly populated districts to remote and secluded spots, out of the way of human habitation.

It is because no human skill can tell when or where the fatal spark from the clouds or the incendiary's torch may light this dangerous mass, and involve everything within its reach in instant destruction, that its presence in close contact with human habitation will not be tolerated.

Our attention is called especially to the case of Laflin & Rand Powder Co. v. Tearny, recently decided by our Supreme Court, and opinion filed at Ottawa May 16, 1889. It is insisted this case is an authority against appellee and is decisive of the question before us. We have carefully examined the opinion of the court and think it is not in conflict with the view herein expressed. (We may also add that since the preparation of this opinion a rehearing has been allowed in that case.) The sole question considered by the Supreme Court in that case was the sufficiency of the declaration on a motion in arrest of judgment. In that case no demurrer had been interposed to the declaration, and after verdict a motion in arrest was interposed, and the court was at liberty to examine the sufficiency of the declaration.

The court held that the declaration was so inartificially drawn, that it did not state any cause of action. That was the only point before the court and the only point decided. But, as we have before said, appellant has entirely waived that question, by pleading to the merits after the demurrer was overruled, and thereby admitting that the declaration in this case did contain a good legal cause of action, and by its plea of not guilty only put the plaintiff to prove his declaration.

We have given this case much more attention and study than the small amount of the judgment would seem to justify, but the importance of the question involved and the suggestion of counsel, that many other suits growing out of the same accident are still pending, have induced us to give the case our attention and careful examination, and after such examination we are of opinion that there is no error in the record, and that the judgment ought to be affirmed.

*Judgment affirmed.*