## The Chicago-Virden Coal Company et al. v. Martin C. Wilson.

1. Measure of Damages—*For Injury Caused by Smoke, Gas and Dust.* —In a suit for damages caused by smoke, gas and dust escaping from an embankment of slack built for a railroad switch in front of the residence of plaintiff, the damages are not to be measured by the rental

value of the residence, for the great injury is in the physical discomfort and the deprivation of the comforts of a home. No fixed rule can be stated, and the amount allowed must be left to the sound discretion of the jury in view of the facts of the particular case.

2. Nuisances—*Who Liable for.*—Where an embankment is built on the right of way of a railroad company, and a switch is laid over the embankment for the purpose of connecting the main line of the railroad with a coal mine, the work being done by the owners of the coal mine, with the consent of the railroad company, and for the joint use of both, both may be held responsible for any damage caused thereby.

**Trespass on the Case,** for damage caused by smoke, gas and dust. Appeal from the Circuit Court of Macoupin County; the Hon. Jacob Fouke, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed November 21, 1896.

Cowen & Cowen and Rinaker & Rinaker, attorneys for appellants.

S. Pitman and Frank W. Burton, attorneys for appellee.

Mr. Justice Wall delivered the opinion of the Court.

This is an appeal from a judgment of $140. The action was case for damages caused plaintiff by reason of building an embankment for a railroad switch in front of his residence.

The embankment, ten or twelve feet high, was built of slack, or fine coal, which when piled in such quantities is apt to ignite spontaneously and to burn continually, giving off smoke and gas very freely. It is always difficult to extinguish such a fire, and in spite of all efforts it continued in this instance for several months.

According to the testimony it was a very grave annoyance to the plaintiff and seriously interrupted him in the enjoyment of his property.

Smoke and gas and dust were carried into his house to such an extent as to injure furniture and apparel therein, and produce great physical discomfort to him and his family. That he sustained actual and substantial damage is not doubted, and we are not prepared to say the sum allowed is too great in view of the testimony.

In such a case the damages are not to be measured by the rental value of the house, for the great injury is in the physical discomfort and the deprivation of the comfort of the home.

No fixed rule or measure can be stated, and the amount allowed must be left to the sound judgment and discretion of the jury in view of the facts of the particular case. Gempp v. Bassham, 60 Ill. App. 85. The embankment was built on the right of way of the railroad company, and a switch track was laid over the embankment for the purpose of connecting the main line of the railroad with the coal mine. It seems that the work was done by the coal company, but with the consent of the railroad company, and for the joint use and convenience of both. Both may therefore be held responsible. Am. & E. Ency., Vol. 16, 980.

Complaint in a general way is made of the action of the court in refusing certain instructions, but no special reasons are assigned, and it is urged that there was error in giving two instructions asked by appellee in reference to the measure of damages. After reading all the instructions given and refused, we think the appellants have no just ground of objection in that behalf.

The appellee had a cause of action, and the amount awarded is not unreasonable according to the proof. The judgment is affirmed.