### Matthiessen & Hegeler Zinc Co. v. Celia Ferris.

1. NUISANCE — *Gaseous Smell, Smoke, Cinders, etc., from Zinc Works.*—Smoke, hot ashes, cinders and gaseous smell, the refuse of, and thrown out by zinc works upon premises occupied as a homestead, destroying trees and rendering the home uninhabitable, constitute a nuisance for which an action will lie.

2. DAMAGES—*Three Hundred and Sixty-seven Dollars Not Excessive.* —A verdict for $367 in an action for damage for the destruction of fruit, ornamental and shade trees, and rendering a home uninhabitable by reason of smoke, hot ashes, cinders and gaseous smells thrown out from zinc works and cast upon the premises, is not excessive.

3. OFFERS OF SETTLEMENT—*Not Admissible in Evidence.*—An offer to compromise a matter in dispute and avoid a law suit, by the plaintiff, not accepted by the defendant, can not be used on the trial as an admission as to the amount of damages sustained.

Matthiessen & Hegeler Zinc Co. v. Ferris.

Trespass on the Case — Nuisance, etc.—Appeal from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed December 17,.1897.

DONOGHUE & BULL and CLARENCE GRIGGS, attorneys for appellant.

It is not every trifling impregnation of the atmosphere that creates a nuisance. There are many uses of property for the ordinary purposes of life that produce more or less of discomfort, and, where these are necessary incidents of the ordinary use of property, and are only occasional, and produce no real or substantial damage, they must be borne with as results that can not reasonably be avoided. The damage must be real, not fanciful, not a mere annoyance to a person of fastidious tastes and habits, but such sensible and real damage as a sensible person, if subjected to, would find injurious to him. Wood on Nuisances, Sec. 532.

The injury must be something more than a fanciful inconvenience. The question of mere delicacy or fastidiousness arising from delicate and dainty habits of life would not be a clear and plain interference with ordinary comforts and enjoyments. Cooper v. Randall et al., 53 Ill. 24; Ibid., 59 Ill. 317; Walter v. Selfe, 4 Eng. L. & Eq. 22.

DUNCAN, HASKINS & PANNECK, attorneys for appellee.

For a nuisance affecting health and personal comfort, injury sustained not only by the plaintiff but also by members of his family, whom he is bound to support, is a proper element of damage. Jarvis v. St. Louis I. M. & S. R. R. Co., 26 Mo. App. 253; Pierce v. Wagner, 29 Minn. 355; 16 Am. & Eng. Ency. of Law, 986; Wenona Zinc Co. v. Dunham, 56 Ill. App. 351.

MR. PRESIDING JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

Appellee sued appellant in an action on the case to recover damages for the destruction of fruit trees, ornamental and shade trees, and the rendering of her home uninhabitable by reason of smoke, hot ashes, cinders and gaseous smells,

being thrown and cast upon her premises, in consequence of the deposit by appellant of large quantities of red-hot cinders and refuse from its zinc works, upon a lot adjoining the home and premises of appellee. There was a trial by jury resulting in a verdict and judgment in favor of appellee for $367.

As grounds for reversal, it is insisted by appellant that the court erred in giving, refusing and modifying instructions; also in the admission of evidence, and that the damages are excessive.

The only material objection to the admission of evidence is as to the deed from appellee's deceased husband to her of the premises in question, upon the ground they were the homestead of the parties, and therefore the deed was a nullity. It is a sufficient answer to this proposition to say, that there is no proof in the record that the premises were the homestead of the parties prior to, or at the time, the deed was executed and delivered. Appellee testified she had occupied the premises as a homestead since the date of the deed, but the evidence is silent as to what the conditions were before that time.

We think there was no serious error on the part of the court in its action on the instructions.

Nor can we say that the damages are excessive. The injury to appellee was serious and the inconvenience and discomfort she suffered were a great wrong to her, for which she was entitled to recover substantial damages, in addition to the pecuniary loss sustained by her in the destruction of her vegetables, fruit and shade trees. Her proposition to accept $50 in settlement of her claim for damages, appears to have been made by way of compromise, to avoid a lawsuit, and should not be taken against her as a confession or admission as to the amount of her damages.

Appellant did not see fit to accept the offer, and therefore it should go for nothing, and should not be used to fix the amount of damages upon a trial by the jury.

Seeing no just reason for reversing the judgment it must be affirmed.