## No. 11,778.

## McMillan *v.* Keck.

Decided October 24, 1927.

Action to recover damages for personal injuries. Judgment of dismissal.

### *Affirmed.*

1. Automobiles—*Damages—Negligence.* In an action for injuries to a pedestrian being knocked down by an automobile backing out of a garage across sidewalk, evidence reviewed and held insufficient to support a charge of negligence.

2. Negligence—*Inference from Accident.* Proof of the happening of an accident or the occurrence of an injury will not justify the inference of negligence.

3. Appeal and Error—*Negligence—Evidence.* In an action for injuries to a pedestrian struck by an automobile backing out of a garage across sidewalk, testimony of the driver standing alone on the question of negligence will be accepted as true on review,

4.  Automobiles—*Garage Owner—Negligence.* In an action for injuries to a pedestrian struck by an automobile backing from a garage across sidewalk, garage owner held not to be an insurer.

*Error to the District Court of Garfield County, Hon. Charles E. Herrick, Judge.*

Mr. C. W. Darrow, Mrs. Sadie H. Korn, for plaintiff in error.

Mr. M. J. Mayes, Mr. Frank Delaney, for defendant in error.

*En Banc.*

Mr. Justice Whitford delivered the opinion of the court.

The plaintiff, McMillan, instituted this action to recover damages for personal injuries claimed to have been sustained through the negligence of the defendant.

The charge of negligence is that an employee of the defendant backed an automobile through a doorway of the defendant's garage upon the adjoining sidewalk on which the plaintiff was passing, and knocked him down, thereby inflicting serious injuries to his person. It is charged that the automobile was backed out of the garage upon the sidewalk in a negligent and careless manner, with considerable speed, without notice or warning to pedestrians passing on the sidewalk, and that the driver's view was so obstructed that he could not see a person on the sidewalk in the rear of the car as it was being backed through the doorway to the street.

The collision occurred at 10 o'clock in the forenoon, on Grand avenue in Glenwood Springs, in the middle of the block, while plaintiff was passing along, going north on the sidewalk in front of the garage which stands flush with the building line of that avenue.

The evidence offered to establish negligence consisted of the testimony of the driver of the automobile, and of the plaintiff himself. At the conclusion of the defendant's case the court granted the defendant's motion for a nonsuit, and dismissed the case. The plaintiff comes here on error.

We think the action of the court must be sustained.

The plaintiff testified that he was quite hard of hearing; that he was in the habit of passing in front of the garage several times a day; that he did not see the car until it struck him; that there was nothing to obstruct his view, and that he was walking at a normal gait; that he was hard of hearing, and he would not say a horn was not sounded, but if there was he did not hear it.

Mr. Rule, the driver of the automobile, called as a witness by the plaintiff, testified that he commenced to back the car at a distance of about two-thirds of the way back from the entrance; that the car was situated in the middle of the driveway, and that as he proceeded to back it out he looked along the left side of the car; that as he approached the front of the garage he sounded the horn; that when the rear of the car was almost flush with the entrance he stopped the car, thereafter he started the car and sounded the horn, and proceeded slowly to back out over the sidewalk; that he sounded the horn shortly before he stopped, and sounded it again when he started up; that he was moving very slowly and had the car under perfect control; that he slipped the clutch to make it go slower, and the car had no momentum whatever; that before he started up he looked first to the rear on the right of the car for pedestrians, and then turned his attention to the left, twisting himself in his seat so he could look backwards, and looked back along the left side of his car, and sounded the horn, which had a loud, penetrating buzzing noise; that before he started to back the car out of the entrance he looked to the south side of the car, and then glanced to the left side of the car as he

proceeded. He testified that after he started the car out of the entrance:

"A. I saw a straw hat fall to the ground and I stopped as soon as I saw that straw hat. Q. After you observed that, how far did you proceed backwards before stopping the car? A. I stopped immediately. Q. Well, you moved some after seeing the hat, did you not? A. Not over two inches. Q. How fast were you running until you saw the straw hat, how many miles an hour; are you able to judge? A. It couldn't be measured in miles per hour. It was very slow. Q. As much as four miles per hour? A. No, that is a fast walk. Q. You weren't going as much as a fast walk? A. No. Q. A slow walk? A. Maybe slower than that."

We think the evidence is not sufficient to support a charge of negligence. Proof of the happening of an accident or the occurrence of an injury will not justify the inference of negligence. The plaintiff himself saw nothing until the car struck him. The testimony of Rule stands alone on the question of negligence, and if accepted as true, and we must so receive it here, it discloses that the car was not being moved in a careless or negligent manner, but with special care and caution. Without something more in evidence, a verdict of guilty, based upon Rule's testimony alone, could not well be sustained. The defendant was not an insurer.

Finding no reversible error in the record the judgment is affirmed.

Mr. Chief Justice Burke and Mr. Justice Campbell not participating.