## Emil Feder, Appellee, v. Perry Coal Company, Appellant.

316

Opinion filed March 4, 1935.

GEORGE W. BURTON, of Chicago, and M. C. YOUNG, for appellant.

PRESTON K. JOHNSON, of Belleville, for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

Appellee, herein referred to as the plaintiff, instituted an action in case against appellant, herein referred to as defendant, to recover damages to his poultry, livestock, crops, habitation and personal injuries to himself, alleged to have been caused by the gases, fumes and smoke coming on to plaintiff's property from a burning slag pile located on the property of the defendant.

The evidence shows that plaintiff began occupying the lands described in the declaration in 1922 as a tenant farmer under a lease from year to year; that in 1931, he cultivated said lands in corn, oats, soy beans, sweet clover and alfalfa; that he raised and kept on said farm cattle, hogs, sheep and poultry.

The defendant operated a coal mine on land adjacent to the land occupied by the plaintiff and when the coal was hoisted from the mine to the surface, it was run over conveyors and workmen picked out the impurities, which were then put in a container and hauled in trucks a short distance from the mine and dumped onto defendant's land. This refuse pile varied in depth from two to ten feet. It was composed of blue band, which is dirt or fire clay, rock, sulphur in small quantities and a small amount of slate with a trace of oil in it. On June 12, 1931, it became ignited by spontaneous combustion and burned intermittently until the latter part

of November. When the fire was first discovered, defendant endeavored to extinguish it by stirring but without avail. Later, a two-inch pipe line was laid and water was poured onto it. This checked it for a time to such an extent that it was hardly noticeable but later burst forth again. Finally, defendant extinguished it by using teams and scrapers and spreading it thinner.

The declaration, filed in 1933, contains one count in which it is alleged that it was defendant's duty to operate and manage his mine so as not to injure the plaintiff or his property which was located on said premises and that the defendant "however failed to perform such duty and on the contrary permitted and allowed a certain mass or quantity of slag and other refuse from said coal mine to become ignited on, to wit: June 12, 1931, and thereafter to burn and continue for a long space of time, to wit: three months, to burn and smoke, that by reason thereof gases were formed and given off from said material so burning which spread through the air and settled upon crops, grass and other vegetation upon said premises and thereby poisoned and rendered same noxious," and that by reason thereof his crops were damaged, his livestock and poultry were made sick and a part of them died and that he was made sick by inhaling of said gases and that his dwelling house was caused to be uninhabitable for days and hours by reason of the gases diffused therein.

The defendant filed the general issue and certain special pleas in which it denied plaintiff's ownership of the crops and livestock and his tenancy on the lands.

Motions for a new trial and in arrest of judgment were overruled and judgment entered on the verdict.

Defendant's first contention is that the court erred in overruling his motion in arrest of judgment for the reason that the declaration does not state a cause of action.

Before verdict and judgment, pleadings are to be construed most strongly against the pleader but after judgment the rule is reversed and the pleadings upon which the judgment is based are liberally construed and given every reasonable intendment to sustain the judgment. *Smith v. Rutledge,* 332 Ill. 150; *Plew v. Board,* 274 Ill. 232.

It is defendant's contention that the declaration is insufficient in that it does not charge the defendant with negligence in the location of its mine or in permitting the slag pile to accumulate upon its premises or in permitting it to become ignited or that the defendant was negligent in not having extinguished the fire sooner than it did.

Plaintiff had the natural right to have the air diffused over his premises reasonably free from smoke, fumes, gases and other impurities. On the other hand, defendant had the right to use its property in such a way as it might choose subject, however, that it did not have the right to use it in a way as to cast smoke, fumes, gases and other impurities upon the lands of plaintiff in such amounts as to materially interfere with plaintiff's use and the use and enjoyment of his property including his home. *Cooper v. Randall,* 53 Ill. 24; *Chicago-Virden Coal Co. v. Wilson,* 67 Ill. App. 443; *Matthiessen & Hegeler Zinc Co. v. Ferris,* 72 Ill. App. 684.

The declaration alleged plaintiff's possession of his property, the uses he was making of it, the existence of defendant's slag pile, its ignition followed by burning and casting of fumes and gases upon plaintiff's property rendering his habitation uncomfortable, damaging his crops and livestock. By these allegations, plaintiff has alleged facts from which the law gives him certain rights, a transgression of those rights by the defendant and resulting damages. This is all the law requires in pleading. In *Taylor v. Felsing,* 164 Ill. 331, the court said: "Where facts are stated which in law

raise a duty, and the disregard of duty and consequent injury are properly averred, the count will be regarded as sufficient. The pleader must state facts from which the law will raise a duty and show an omission of the duty and resulting injury, but when that is done an allegation that the fact was negligent is unnecessary.'' The declaration stated a cause of action.

Defendant further contends that the court erred in rulings on evidence. It offered to prove by its mine superintendent that the method used in separating the refuse from the coal was the usual, approved and ordinary method of separating the refuse from the coal. In *Cooper v. Randall, supra,* plaintiff brought an action to recover damages caused by the erection and operation of a flour mill upon an adjacent lot whereby large quantities of chaff, dust, smut and dirt were thrown into plaintiff's house. Evidence was introduced by the defendant over the objection of plaintiff for the purpose of showing that the machinery of the mill was excellent and the mill was properly managed. The court held that in the absence of a claim for vindictive damages the evidence was not admissible. The evidence offered was properly rejected in the case at bar.

Plaintiff testified as to the date of the fire and when it was extinguished, that the smoke and gases continued during each of the months, more dense at times than others, that he kept a memorandum as to the dates on which various things occurred. He had this memorandum, which was on a calendar, when testifying and referred to it to refresh his recollection as to what happened on particular dates. Defendant contends that there was error in permitting the witness to use the memorandum. A witness can testify only to such facts as are within his knowledge and recollection but he is permitted to refresh and assist his memory by use of written instrument, memorandum or entry in a book and it is not necessary that the writing should

have been made by the witness or that it should have been an original writing, provided that after inspecting the record, he can speak to the facts from his own recollection. *Scovill Mfg. Co. v. Cassidy,* 275 Ill. 462.

The plaintiff, after refreshing his recollection by reference to the memorandum, was able to testify as to the dates on which certain conditions existed. The exact date was not material except to substantiate the proof as alleged in the bill of particulars and it is apparent that the witness referred to the memorandum for fixing the date and testified to the facts of what occurred on that date independent of the memorandum itself. The court did not err in its ruling on this point.

Objection is made to the court's ruling in permitting the plaintiff to prove the value of stock which he claimed to have lost as a result of gas, smoke and fumes without first showing by credible evidence that the death of the stock had been caused by the smoke or fumes.

Plaintiff testified that at the beginning of the fire he had 81 sheep, that he pastured them in a blue grass pasture, later changing them to a sweet clover field, that between the dates of July 30, 1931 and November following, 28 of them died, that he saw the sheep eating elm leaves which the evidence shows to have been covered with some kind of a deposit. Plaintiff testified that he had 30 hogs, that they were running in an alfalfa field and on August 14, they became sick and between that date and September following a large number of them died. He called a veterinary who testified that he diagnosed the ailment of the hogs as cholera. He also testified in answer to the hypothetical question that if hogs fed on vegetation that had a deposit of sulphuric acid or sulphuric dioxide coming from a burning pile of slag and refuse it might, if taken in sufficient quantity, cause death. Similar evidence was introduced in reference to poultry and other

livestock. Plaintiff was permitted over objection of defendant to prove the value of the poultry and livestock. There is evidence which tends to prove that there was smoke, dust and sediment from the fire that settled on and adhered to the vegetation where the animals were kept but there is no evidence upon which to base a finding that it was in sufficient quantities to cause death of the animals feeding upon it nor the amount that would have to be consumed by animals to cause death nor that the animals that died were poisoned from eating it. So far as the record shows the sheep, chickens and cow might have died from other causes and the veterinary testified that he diagnosed the cause of death of the hogs as cholera. Where resort must be taken to speculation or conjecture for the purpose of determining whether the damages result from the wrongful act from which complaint is made or from some other cause, damage cannot be allowed. The admission of this evidence constitutes reversible error. *Johnston v. City of Galva,* 316 Ill. 598; *Indianapolis, B. & W. Ry. Co. v. Birney,* 71 Ill. 391; *Daughetee v. Ohio Oil Co.,* 263 Ill. 518.

The instructions to the jury were in narrative form and complaint is made of the seventh, eighth and eleventh paragraphs. The seventh paragraph told the jury that the claim of the plaintiff is not based upon any charge of negligence but is founded upon the contention that the defendant permitted a condition to exist upon its property which interfered with plaintiff's use of his own property and thereby caused damage to him; that the plaintiff was not required under his declaration to prove that any action of the defendant was negligent but was only required to show by a preponderance of the evidence that defendant caused or permitted the condition complained of to exist upon its property with damages to plaintiff and his property.

The eighth paragraph told the jury that it was not a defense to plaintiff's claim that the slag or refuse on defendant's property was caused to ignite through combustion or other cause not started by defendant, that the declaration charged that the defendant allowed the fire to continue for a space of time and it is sufficient upon this point for plaintiff to prove by a preponderance of evidence that the fire was upon defendant's property and that it continued for a sufficient time to cause damage to plaintiff's property.

We have construed plaintiff's declaration as averring facts from which plaintiff's rights arise, a violation of those rights by the defendant followed by damage to plaintiff and his property. The averment is that a slag pile was ignited and permitted to burn for three months. The evidence shows that it was ignited by spontaneous combustion and did burn for more than three months. Negligence may arise from failure to act where there is a duty resting upon one to act, and if the gases, fumes and smoke continued to pass over plaintiff's property for more than three months when by the exercise of reasonable diligence, it could have been extinguished sooner, then defendant's failure to act was negligence. Defendant offered evidence as to its efforts to extinguish the fire and the evidence shows that the fire burned intermittently from June 12 until the latter part of November and that at times defendant had it under control to such an extent that the odors and gases were scarcely noticeable. These instructions ignored the cause of the fire and the efforts put forth by the defendant in endeavoring to extinguish it. The question as to whether the defendant used due and reasonable diligence in the piling of the slag so that spontaneous combustion would not occur and the care it used in the extinguishing of the fire were questions for the jury to consider. It was error to give these instructions.

The eleventh paragraph of the instructions was in reference to the amount of damage and was misleading in that it did not require the plaintiff to prove each particular item of the damage by a preponderance of the evidence.

Defendant complains on the refusal of certain instructions. We have examined them and find that there was no error in the refusal of such instructions.

For the reasons assigned, the judgment of the circuit court is reversed and the cause remanded.

*Reversed and remanded.*