Robert F. SMILLIE, doing business as Granby Dairy, Plaintiff,

v.

CONTINENTAL OIL COMPANY, a corporation, Defendant.

Civ. A. No. 4617.

United States District Court
D. Colorado.

Dec. 13, 1954.

Barnard & Barnard, Granby, Colo., Attys. at law, John B. Barnard, Granby, Colo., for plaintiff.

Ivor O. Wingren and Charles A. Murdock, Denver, Colo., for defendant.

KNOUS, Chief Judge.

Herein the defendant has interposed a motion to dismiss upon the ground that the complaint fails to state a claim upon which relief can be granted.

After alleging that the business of the defendant, among other things, consists of "distributing and dealing in petroleum products," the complaint further charges that "on or about the ninth day of November, 1953, defendant removed certain underground metal tanks, located closely adjacent to the wells of the Town of Granby, hereinbefore described, which tanks were filled, or partially filled with kerosene or other petroleum products; and in the process of removing same, defendant caused or permitted the kerosene or other petroleum products to be released and spilled therefrom and into the ground." It is further alleged that as a consequence such petroleum products were introduced into and contaminated the municipal water system of the Town of Granby, from which the plaintiff

**510**

secured his supply of water for the operation of a dairy, resulting in special damages to him in the amount prayed for in the complaint.

■ This case is governed by the law of Colorado wherein the Supreme Court has repeatedly held that the happening of an accident or the mere proof of the occurrence of an injury, does not necessarily establish defendant's negligence or liability. Public Service Co. v. Williams, 84 Colo. 342, 346, 270 P. 659; Denver & R. G. R. Co. v. McComas, 7 Colo.App. 121, 123, 42 P. 676; City of Denver v. Spencer, 34 Colo. 270, 276, 82 P. 590, 2 L.R.A.,N.S., 147; McMillan v. Keck, 82 Colo. 434, 260 P. 1079.

■ In contending that the complaint is sufficient to state a claim, the plaintiff relies upon decisions in the category of Hauck v. Tidewater Pipe Line Co., 153 Pa. 366, 26 A. 644, 645, 20 L.R.A. 642, and Helms v. Eastern Kansas Oil Co., 102 Kan. 164, 169 P. 208, L.R.A. 1918C, 227, wherein it was held that the escape of oil from pipe line of the oil refinery and its percolation through the ground causing contamination of plaintiff's water supply, or other injuries to his premises, constitute nuisances and the defendant was held liable for consequential damages regardless of negligence in permitting the oil to escape. In placing reliance on this theory, it seems to me, the plaintiff fails to take into consideration that although a nuisance is generally regarded as a tort, there is a difference between a tort concerning an invasion of personal rights, and a nuisance. A tort expends its force in one act and there is no repetition or continuance of the unlawful act although the injurious consequences may be of lasting duration. See 66 C.J.S., Nuisances, § 6, p. 736.

■ A nuisance, on the other hand, as contemplated in the cases relied upon by plaintiff, implies a repetitious course of conduct in the operation of some business or facility, specifically in the cases mentioned, the operation of a refinery in which oil was regularly allowed to escape and overflow on the land of a neighbor, and the operation of a pipe line from which oil continually percolated through the lands of the plaintiff and contaminated his water supply. As alleged, the incident for which recovery is sought here did not arise in the course of storage or transportation by pipe line of oil or petroleum products, but resulted from a single and detached spilling of kerosene while certain tanks were being removed from the ground. Thus, insofar as the allegations of the complaint disclose, the force of the conduct complained of was expended in one act and there was no repetition or continuance of the alleged wrongful act, so the nuisance theory advanced is not available here.

■ The complaint contains no sufficient allegation bringing the transaction complained of within the category of an ultrahazardous activity which is the basis of the decision in the case of C. B. & L. Ry. Co. v. Eagles, 9 Colo. 544, 13 P. 696. See also Sec. 519, Restatement Law of Torts.

I, therefore, am convinced that in its present form the complaint fails to state a cause of action. Accordingly, it is

Ordered that the motion to dismiss the complaint be, and the same is hereby sustained.