No. 15,328.

HOME PUBLIC MARKET *v.* NEWROCK.
(142 P. [2d] 272)

Decided October 4, 1943.

Mr. Roy E. Montgomery, for plaintiff in error.

Mr. Cass M. Herrington, for defendant in error.

*En Banc.*

Mr. Justice Goudy delivered the opinion of the court.

Saturday afternoon, March 28, 1942, plaintiff, defendant in error, attempted to enter the place of business of defendant, plaintiff in error, the Home Public Market, through a doorway commonly used by the public and constituting the Fifteenth street entrance thereto, the building being located at Fifteenth and California streets

in Denver. The center panel of the door in question consisted of plate glass surrounded by a six-inch wood frame. The door was constructed to swing freely so as to permit the passage of persons through the entrance in which it was hung, and had been in constant use for years, and thousands of people pass and repass through it on Saturdays.

Plaintiff testified that on the day in question he walked up to the door, placed his hand on the glass panel, as he had done many times before, and as he did so the glass broke and as a result he was painfully injured. Alleging negligence on the part of defendant, he instituted an action in a justice of the peace court, where he recovered judgment for $100. From this judgment defendant prosecuted an appeal to the county court where, on trial to a jury, plaintiff again prevailed, judgment being entered in his favor in the sum of $250, to review which the cause is brought here by writ of error. Defendant has applied for a writ of supersedeas, and both parties requesting final disposition on the application, we have elected to comply with the request.

Plaintiff was familiar with the premises of defendant, and with the door, having passed through it many times. He noticed no defect in the glass, and people were entering the premises through the door ahead of him. He testified, over objection by counsel for defendant, that the manager of defendant had stated to him after the accident that he thought the glass was crystallized. This was not evidence of a fact; it was simply the narration of the statement of an opinion of the manager. A witness called by defendant, who testified that he had had many years of experience in handling plate glass, stated that plate glass does not crystallize.

At the conclusion of plaintiff's case, defendant moved for a nonsuit, upon the ground that plaintiff had failed to prove any act of negligence on the part of defendant which was the proximate cause of the accident; that he had failed to produce any evidence that there was a

dangerous condition existing, and that if such existed it was known to defendant, or that, by the exercise of reasonable care, should have been known to it. The motion was denied. The trial proceeding, upon the conclusion of all the evidence, defendant moved for a directed verdict, which was denied. The court then, over the objection of counsel for defendant, orally instructed the jury, as follows: "I think the only instruction I have to give is that when a person is invited into a building that the presumption is that the building is in good repair and that he has a right to go in it and may expect that everything is safe for him to go in."

■ ■ We do not believe this instruction properly states the law. In 38 Am. Jur., p. 791, §131, it is stated:

"The proprietor of a store, shop, or other place of business kept open for public patronage is not under an insurer's liability as to the safety of persons who come thereon, but he does owe to customers who enter the premises, while the establishment is open for business, the duty of exercising ordinary care to keep the aisles, passageways, and such other parts of the premises as are ordinarily used by customers in transacting business in a reasonably safe condition for use by the persons thus entering, and to warn them of dangerous conditions upon the premises which are known, or which reasonably should be known, to him but not to them. This duty exists by reason of the fact that the customers enter the premises by the invitation, at least by the implied invitation, of the proprietor. * * *.

"As stated above, however, the proprietor is not under an insurer's liability as to the safety of the premises. The mere existence of a defective condition in a store or public place of business by which an injury is caused does not, as a matter of law, render the proprietor liable, unless he knew, or, in the exercise of reasonable care, ought to have known, of the defect." See, also, *Kresge Company v. Fader,* 116 Ohio St. 718, 158 N.E. 174, 58 A.L.R. 132.

The record reveals no evidence of negligence upon the part of defendant. Plaintiff, entering through a double door, put his hand on the plate glass center panel, and the glass broke. There was no proof of a defect in the glass or the door, or that a dangerous condition existed, known to defendant, or which, by the exercise of reasonable care, should have been known to it. The evidence discloses that the glass broke, nothing more.

■ In *McMillan v. Keck*, 82 Colo. 434, 260 Pac. 1079, we said: "Proof of the happening of an accident or the occurrence of an injury will not justify the inference of negligence."

■ In *Denver Tramway Corporation v. Wells*, 91 Colo. 1, 9 P. (2d) 927, we held that negligence is never presumed, but must be proved by a preponderance of the evidence.

Plaintiff's evidence having failed to show any direct negligence on the part of defendant, if he is entitled to recover at all it must be upon the doctrine of res ipsa loquitur.

■ " 'The rule of "res ipsa loquitur" is a rule of evidence only. It takes more than the mere happening of an accident to set the rule in operation. It must be shown that the act was of such a character, as, in the light of ordinary experience, it is without explanation except on the theory of negligence. 8 Thompson on Negligence (White's Supl.) §7635.' * * * So in the instant case we are of the opinion that the rule is not applicable because it appears from the evidence that the accident is just as reasonably attributable to causes other than that of negligence of the defendant. *Berkens v. Denver Coca-Cola Bottling Co.*, 109 Colo. 140, 122 P. (2d) 884.

"No presumption of negligence on the part of a proprietor of a shop or store arises from the mere fact that a customer is injured while lawfully on the premises, * * * the doctrine of res ipsa loquitur not being applicable in such a case." 38 Am. Jur., p. 1004, §307.

"To render the doctrine [res ipsa loquitur] applicable

'it must be shown that the instrumentality causing the injury was under the control of the defendant, and that the injury was caused by some act incident to that control,' and the injury 'must be of such a nature that it ordinarily would not have occurred but for the defendant's negligence.' " *Olson v. Whitthorne & Swan,* 203 Cal. 206, 263 Pac. 518, 58 A.L.R. 129. The rule has no application in the instant case.

■ Where, as here, the record discloses no negligence, the proprietor of a store is not responsible for injuries from swinging doors in common use, and properly installed and maintained. *Dolan v. Callender Co.,* 26 R. I. 198, 58 Atl. 655; *Pardington v. Abraham,* 87 N.Y.S. 670; *Smith v. Johnson,* 219 Mass. 142, 106 N.E. 604; *Olson v. Whitthorne & Swan, supra;* 38 Am. Jur., p. 795, §134.

■ Another reason urged for reversal was the giving of the oral instruction by the court. This was error. Rules of Civil Procedure, Rule 51. *Montelius v. Atherton,* 6 Colo. 224; *Lee v. Stahl,* 9 Colo. 208, 11 Pac. 77.

The judgment is reversed and the case remanded with directions to enter judgment in favor of defendant.