No. 17,034.

DENVER DRY GOODS COMPANY *v.* PENDER.
(262 P. [2d] 257)

Decided September 21, 1953.   Rehearing denied October 13, 1953.

Mr. Chas. W. Sheldon, Jr., for plaintiff in error.

Mr. Arthur M. Morris, for defendant in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

Defendant in error, as plaintiff, on November 21, 1950, filed a complaint containing five causes of action, and seeking damages in the sum of $75,483 for injuries resulting from a fall on May 6, 1948 in the coffee shop operated by defendant, here plaintiff in error. The fifth cause of action was for exemplary damages in the sum of $10,000, which was stricken by order of court. In substance, plaintiff alleged that defendant was in sole possession and control of the coffee shop and all appurtenances thereto; that it caused to be placed some liquid substance of a character unknown to her on the floor of said coffee shop near plaintiff; that it was negligent in allowing the floor to remain in said condition; further negligent by failing to place any warning signs showing the condition of the floor; and in not taking the necessary action to remove the substance from the floor and insure its safety, as it knew, or should have known, its dangerous condition. Defendant answered, admitting ownership and operation of the coffee shop, but denying

the dangerous condition of the floor; or that it negligently maintained the same; or that it placed or caused to be placed any foreign substance on the floor. It affirmatively alleged negligence on the part of plaintiff; that the incident was an unavoidable accident; and that the complaint fails to state a claim against defendant upon which relief could be granted. The issues as made were tried to a jury on September 23, 1952. Motions of defendant for dismissal at the close of plaintiff's case and for directed verdict at the close of all the evidence, were denied.

Upon given instructions, the jury on September 26, 1952, returned its verdict in favor of plaintiff for the sum of $15,000. Judgment was reserved until disposition of motion for new trial, which was filed by defendant joining therewith a motion for judgment notwithstanding the verdict. These motions were denied; judgment was entered on the verdict; and in due course, the case is before us for review.

Defendant company, then and now, contends that the trial court erred in overruling motion for dismissal at the close of plaintiff's case, and also in denying motion for directed verdict; that the case was tried by counsel for plaintiff on the theory of res ipsa loquitur, which doctrine is not applicable to the facts; that there was no evidence to charge defendant with notice or knowledge, either actual or constructive, of the moist spot on the floor of defendant's premises; that plaintiff's evidence presented no more than an equal choice of probabilities as to the cause of her injury; and that plaintiff was guilty of negligence that barred her recovery; also, error is assigned to the giving of certain instructions and refusal of others.

Plaintiff, now defendant in error, contends that defendant company was negligent by placing a slippery liquid substance on the floor of its restaurant and permitting the floor to remain in a condition dangerous to plaintiff; by failing to place a warning sign showing the

dangerous condition of the floor; or to apprise plaintiff of the existence of such condition; by failing to take action to remove the substance from the floor and insure the safety thereof, as defendant knew, or should have known, the dangerous condition; that such carelessness and negligence was the sole proximate cause of plaintiff's injury; that the injury was not caused by any contributory negligence on the part of plaintiff; and that the accident was not an unavoidable one.

There is little, if any, contradiction of the facts that are decisive of the issues here and in sum, they are not tedious or involved. Plaintiff entered defendant's coffee shop shortly after it had been opened for the day's business. She seated herself on a stool at the serving counter and shortly thereafter decided to move to another stool to her left. The seat of the stool was thirty inches from the floor and a ledge along the counter to enable persons getting onto and off the stools. The stool seat and its backrest rotated only one quarter turn in either direction. Plaintiff was a large and rather heavy woman, sixty-one years old at the time. When in the act of moving from one stool to another, she fell to the floor. She did not use the foot-counter ledge in attempting to get off the stool, but turned to her left and placed her right foot to the floor and in this, we might say awkward, position, her heel either slipped or there was a possibility, according to the testimony of physicians, that the contortion of her body caused a fracture of the neck of the femur, and a fall would thereby result.

The damp spot on the floor was approximately six inches in diameter and near the stool on which plaintiff was seated. There is nothing in the evidence that discloses how the damp spot occurred, or of what it was composed, and no evidence whatever as to how long the spot had been on the floor or what had occasioned it.

The evidence is undisputed that each night the floor of the coffee shop was mopped and cleaned with steel wool, and that there was a maid in constant attendance to keep

the shop and its floor clean and free of debris. There is no evidence that the shop was not at all times in a clean and safe condition. The damp spot was not observed by plaintiff or anyone else until immediately after her fall. A witness who had just preceded plaintiff into the shop was seated on a stool to the left of plaintiff and near the place of the accident. He testified that he did not at any time notice any damp spot on the floor prior to the accident; and that it was more or less undiscernible. As before stated, plaintiff's medical testimony was to the effect that it was equally probable that since plaintiff was an elderly person, the break of the neck of the femur was caused by the contortion of her body in the manner in which she attempted to remove herself from the seat, as it was from a fall to the floor.

In the light of the medical testimony elicited from plaintiff's own witnesses, we have a situation where the evidence presents no more than an equal choice of probabilities, therefore it is not substantial to the end that plaintiff, having asserted negligence on the part of defendant, failed to meet the burden of proof thereof. There is no positive evidence as to the proximate cause of the injury, and the record is wholly void of any proof that the damp spot on the floor was placed there by defendant, or that it was there a sufficient length of time for defendant, in the exercise of ordinary care, to have known about it, or warn plaintiff of its presence if it had been noticeably hazardous. No one saw it prior to the accident; no one knows how it happened to be there; and from the description given by all of the witnesses it was not such a danger as would have been discovered by the exercise of ordinary care or to charge defendant with the duty of discovery. Defendant was not bound to foresee or guard against casualties that are not expected in the ordinary course of events, or which might result from some unusual or peculiar act of plaintiff. Nothing is better settled in the law of negligence than that actual or constructive knowledge on the part

of defendant of the defect or danger spot must be proven before liability attaches. "The existence of a slippery place on the floor of a store, on which a customer falls, sustaining injury, is in violation of the proprietor's duty *only* where he knows or reasonably should know of the presence of this dangerous condition and reasonably could prevent it or warn the customer of the danger." 38 Am. Jur., p.798, §136.

■ ■ Counsel for defendant in error misquoted the above section by omitting the word "only," which omission distorts the full import of the quotation. There must be some evidence which tends to show knowledge, actual or constructive, of the dangerous condition, and failure to remedy, before liability would attach, and since there is no evidence whatever concerning the vital and necessary elements to sustain a claim of negligence, it was error for the trial court to overrule or deny the motion for a directed verdict. This applies to the law of the case if it was definitely settled that the injury was caused by the damp spot on the floor. From the uncontradicted evidence, it is extremely doubtful whether plaintiff's injury or fracture of the neck of the femur was not caused before the fall, since the medical testimony discloses that the fracture did not unite due to a necrosis of the head of the femur. Upon this state of the record, the trial court should not have permitted the jury to speculate on the cause of the injury.

■ It is quite apparent that counsel for plaintiff relied upon the mere happening of the accident on the premises under the operation and control of defendant as being sufficient in itself to make a prima facie case; further, that defendant was an insurer of the safety of plaintiff as an invitee; and it is very evident that the trial court was inclined to this view, since its instructions to the jury would so indicate, as is disclosed by instruction No. 8, which is as follows:

"Plaintiff had the right to assume and to expect that the floor arrangement, maintenance and operation of

defendant's lunch room would be reasonably safe for her use. Plaintiff was not bound to anticipate or guard against a condition, if any, foreign to the occasion. And while it was the duty of plaintiff to exercise ordinary care in stepping down upon or walking across, along and upon the floor of said lunch room, the law requires of her only that degree of care to be expected of reasonable prudent persons.

"If, under all the facts and circumstances incident to and surrounding this case, you find from the weight of the evidence that the plaintiff was in the exercise of ordinary care when she fell and that defendant failed or neglected to exercise care of the floor, whereby the same was not reasonably safe, then your verdict will be in favor of the plaintiff."

This instruction is clearly erroneous, because it is tantamount to a direction to find for the plaintiff if the jury found that the floor was not safe, and disregards the question of the necessity of notice or knowledge upon the part of defendant before liability could be established. Moreover, the careless use of the word *"foreign"* in the instruction is objectionable, because there is no explanation of what was "foreign to the occasion." This could easily lead the jury to the impression that whatever the situation might be, it was something for which the defendant was liable; and further, the instruction places no degree of duty on the plaintiff, but leaves her to proceed on the theory that because she is an invitee and on defendant's premises, everything has to be all right and her safety is insured. There is little or no reason to further discuss the matter of instructions given or refused, since the primary cause for reversal of this judgment is the lack of any sustaining evidence of negligence on the part of defendant for which it could properly be held liable.

There is discussion of the application of the rule of res ipsa loquitur as apparently followed by counsel for plaintiff and the trial court. Under the circumstances

of this case, there is no place for the application of this rule, because there is competent evidence to support the defense in this case, and, strictly speaking, the doctrine of res ipsa loquitur merely takes the place of evidence as affecting the burden of proceeding with the case, and is not itself evidence. No presumption or inference can be indulged where the facts attending the injury were disclosed by the evidence, and the doctrine therefore has no application. It is a rule of necessity and is sometimes applicable where there is no evidence. We believe that this case is controlled by two closely similar cases, one being an early case, *John Thompson Grocery Co. v. Phillips,* 22 Colo. App. 428, 125 Pac. 563, and a later case, *Home Public Market v. Newrock,* 111 Colo. 428, 142 P. (2d) 272.

Since it is abundantly clear that liability cannot be imposed upon defendant for this unfortunate happening to plaintiff, the judgment is reversed and the cause remanded with direction to dismiss plaintiff's complaint.

MR. CHIEF JUSTICE STONE concurs in the result.