No. 18,033.

EDGAR F. BRIGHTON, AS COLUMBIAN CIGAR STORE *v.* JULIUS
DEGREGORIO, AS COLUMBIAN HOTEL AND
MILNER HOTELS, INC.
(314 P. [2d] 276)

Decided August 5, 1957.   Rehearing denied September 3, 1957.

1

Mr. CARMEL A. GARLUTZO, for plaintiff in error.

Mr. CHARLES S. VIGIL, for defendants in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

In the trial court plaintiff in error was plaintiff and defendants in error were defendants. We will refer to Mr. Brighton as plaintiff, and to defendant Milner Hotels, Inc., as Hotels Inc.

At the conclusion of plaintiff's case DeGregorio, named as a defendant in the second claim, hereinafter referred to, moved for a directed verdict and his motion was granted. There is no objection to this ruling, and while DeGregorio was named as a defendant in error in

the proceedings here, he was never served with summons to hear errors, and plaintiff disclaims any right to recover against him.

Plaintiff sought damages resulting to his stock of merchandise contained in a store on the ground floor of a building, the upper floors of which were operated as a hotel by Hotels Inc. It was alleged and proved that plaintiff's loss resulted from water coming from the upper premises of the hotel on two separate occasions which were pleaded as separate causes of action, the first for a flooding on January 12, 1954, and the second for a similar flooding on April 2, 1954. DeGregorio was not a party defendant in the first claim, and the evidence disclosed that he was not a lessee of the hotel property until after April 2, 1954.

Plaintiff alleged that he was a tenant of Hotels Inc. and occupied the ground floor store and basement in its building. His complaint was predicated on negligence. By answer Hotels Inc. denied negligence and alleged that the "leakage, if any did occur, was without their knowledge" and "was caused through action beyond the control of Milner Hotels, Inc."

The evidence disclosed that the water which flooded plaintiff's premises came from a toilet reservoir in a room immediately above plaintiff's storeroom.

As a part of plaintiff's case Julius DeGregorio was called as an adverse witness. He testified that immediately after the discovery of the January 12, 1954, damage he visited the room directly above plaintiff's store in company with the manager of Hotels Inc. We quote from his testimony:

"Q. Do you know where the water came from in this room? A. Yes. Q. Where? A. In the bath-room, from the reservoir. Q. The reservoir ran over? A. There was a floater in there, and this floater works off a pin, I guess it had been there several years, ten or twelve years before anything had ever happened to it. This pin was rusted and it broke, that was the first time it hap-

pened. Q. Did you look at it the first time it happened? A. Yes. * * * Q. You had nothing to do with it? A. No, sir. And when we went up there, I said that what you need is a whole new unit, because this is old. Q. Who did you tell that to? A. Fred Miller. Instead of Fred Miller getting a new unit, he got a piece of barbed wire and put it through there."

On both occasions it appears that the water not only ran into plaintiff's storeroom, but also down into the basement.

At the close of plaintiff's case Hotels Inc. moved for dismissal of the first claim based on the January flooding, which motion was granted. No evidence was offered by Hotels Inc. with respect to the second claim and the jury returned a verdict in favor of plaintiff thereon. Neither party has objected to the verdict and judgment on the second claim.

Plaintiff's motion to vacate the order dismissing the first claim was denied and he is here on writ of error, contending that on the record as made the doctrine of res ipsa loquitor applies to the first claim which should have been submitted to the jury with appropriate instructions. We are persuaded that the trial court properly disposed of this issue. " * * * The doctrine of res ipsa loquitor merely takes the place of evidence as affecting the burden of proceeding with the case, and is not itself evidence. No presumption or inference can be indulged where the facts attending the injury were disclosed by the evidence, and the doctrine therefore has no application. It is a rule of necessity and is sometimes applicable where there is no evidence." *Denver Dry Goods Co. v. Pender,* 128 Colo. 281, 262 P. (2d) 257.

In *Grange Mutual Co. v. Golden Co.,* 133 Colo. 537, 298 P. (2d) 950, we said:

"It is contended by counsel for plaintiffs that the doctrine of res ipsa loquitor applies here. We do not think so. In *Zimmerman v. Franzen,* 121 Colo. 574, 220 P. (2d) 344, the Court set forth some of the tests ap-

plicable to the rule. Among other qualifications required it was stated on page 591 that: 'In other words, if the facts and circumstances of the occurrence give rise to conflicting inferences, one leading to the conclusion of due care and the other to the conclusion of negligence, the doctrine does not apply. The res ipsa loquitor rule cannot apply in a case where the circumstances surrounding the accident are not such as to raise a presumption of negligence. It may happen that a plaintiff makes a prima facie case by showing the accident with its attendant circumstances, and yet destroys by his own evidence the application of the doctrine. * * *'

"Here the evidence was such that the jury could reasonably find that defendant had sole control of the unloading, was negligent in handling the dangerous substance involved, and that such negligence was the proximate cause of plaintiff's losses. This we think established a prima facie case."

Were the facts attending plaintiff's damage under the first claim "disclosed by the evidence" as stated in *Denver Dry Goods Co. v. Pender,* supra? We think so. The testimony of DeGregorio was uncontradicted and disclosed the cause of the flooding as being the rusting through of a pin holding the float arm in place in the toilet tank, thus rendering the shutoff valve inoperative and permitting the water to overflow the tank. Do these facts compel a holding that a much higher standard of care is to be required of defendant than would ordinarily be applied under the circumstances? We think not. There is nothing in the evidence to indicate that the hazard was so great as to require more than ordinary care to avoid injury to plaintiff. *Austin v. Smith* (Nev.) 311 P. (2d) 971. There is nothing to indicate that a reasonable inspection would have disclosed the defect in the valve apparatus, or that the circumstances were such as to require periodic inspection. The cause of plaintiff's damage was immediately known to him and was fully explained by the evidence

he introduced, hence the doctrine of res ipsa loquitor does not apply. Moreover there is nothing in the record tending to charge Hotels Inc. with actual or constructive knowledge of the defect in the toilet reservoir as it relates to the January 1954 flooding. No evidence was introduced that Hotels Inc. was negligent in the care, maintenance and use of the toilet facilities involved, the plaintiff being content to rely solely on res ipsa loquitor to establish his case.

Concluding, as we do, that the doctrine does not apply under the circumstances shown by this record, and there being no evidence sufficient to impose liability upon Hotels Inc. for the unfortunate occurrence upon which plaintiff based his first claim, the judgment is affirmed.

MR. JUSTICE HALL not participating.