## No. 21507.

BONITA L. HUGHES *v.* WILBUR E. WORTH AND
ROSALIE WORTH.

(427 P.2d 327)

Decided May 1, 1967. Rehearing denied May 29, 1967.

B. F. NAPHEYS, JR., B. F. NAPHEYS, III, for plaintiff in error.

ROBERT W. HANSEN, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

PLAINTIFF in error, Bonita L. Hughes, brought an action against defendants in error, Wilbur and Rosalie Worth, for damages for injuries allegedly sustained in a rear-end automobile collision which occurred on October 5, 1962. The parties will be referred to as they appeared in the trial court, or by name.

The plaintiff's car was stopped waiting for a red light at the intersection of Speer Boulevard and Curtis

Street in Denver, Colorado, when the collision occurred. The defendant drove up behind the plaintiff and stopped. The defendant's car then surged forward and rammed into the back of the plaintiff's car. The plaintiff was not aware of the defendant's presence until after the impact.

The plaintiff's theory of the case was *res ipsa loquitur* and the defendant set up the defense of unavoidable accident. The defendant contended that after he had stopped, he suddenly lost control of his right leg by reason of an unexpected embolism, and that as a result his foot slipped off the brake pedal and the collision ensued. The evidence showed that the defendant had no history of prior difficulty with his leg and that as a result of the embolism his leg had to be amputated at mid-thigh shortly after the accident. There was some evidence on behalf of the plaintiff that the defendant's car was proceeding erratically before he stopped, but what the nature of the erratic driving was does not appear in the record. Defendant's testimony was that he felt no pain or change in his physical condition until he suddenly lost control of his leg after he had stopped his car.

At the close of the trial, the trial court, sitting as the trier of fact without a jury, found that the accident was "unavoidable." The trial court then entered judgment of dismissal.

Various errors are alleged by the parties on appeal. Plaintiff alleges that there was no evidence to support the court's judgment in favor of the defendants, and that the trial court erred in allowing an expert medical witness to answer certain hypothetical questions. Defendant alleges, as cross-error, that the trial court erroneously refused to award costs to him under the provisions of R.C.P. Colo. 68.

Plaintiff contends that she proved a clear case for the application of the doctrine of *res ipsa loquitur,* and that the defendant then failed to present sufficient

evidence of no-negligence to support the judgment in this case. We have said before that a rear-end automobile collision which happens without any negligence of the plaintiff whatsoever and in such a manner that plaintiff could not reasonably be expected to account for the cause of the accident properly gives rise to the application of the doctrine of *res ipsa loquitur. Iacino v. Brown*, 121 Colo. 450, 217 P.2d 266. We have also said: "This being so, it devolved upon the defendant to supply evidence explaining the accident, . . . in a way that would overcome the presumption of negligence. *The question whether the evidence so supplied would be sufficiently credible and convincing to destroy the adverse presumption was one for the jury.*" [Emphasis supplied.] *Denver Tramway Corp. v. Kuttner*, 95 Colo. 312, 35 P.2d 852.

The plaintiff asserts that "unavoidable accident" is not a defense to a negligence action in this state because of our pronouncement in *Lewis v. Buckskin Joe's, Inc.*, 156 Colo. 46, 396 P.2d 933, and therefore the court's finding that the accident was "unavoidable" had no effect on the presumption of defendant's negligence which the evidence on her behalf had raised. We do not agree. *Lewis* was decided on the theory that an "unavoidable" accident is one which occurs with "no-negligence" on the part of either of the contending parties. That being the case, it was held to be error to unfairly weigh the instructions to the jury in favor of the defendant by twice, in effect, giving "no-negligence" instructions, or by indicating to a jury that "no-negligence" and "unavoidable accident" are different defenses by permitting both to be presented as two separate and distinct formal defenses. The trial judge, sitting as the trier of the fact, found that defendant's evidence satisfied him that the accident was unavoidable, which in effect was a finding that it happened without negligence on anyone's part. Such a

finding properly results in a judgment for defendant, even in a *res ipsa loquitur* case.

 The plaintiff further suggests that the trial court erroneously allowed an expert medical witness, Dr. Lee, to answer hypothetical questions, and that without this allegedly improper evidence, there was insufficient competent evidence to rebut the presumption of negligence arising from the application of the doctrine of *res ipsa loquitur*. The doctor's testimony, by stipulation, was taken out of the normal order of witnesses. It was given before some of the later evidence which allegedly was necessary to lay a proper foundation for the hypothetical questions which were asked and answered. If counsel for plaintiff felt that the necessary foundation was not actually supplied later, he in no way communicated this to the trial court. In any case, the gravamen of plaintiff's objection to this testimony is that the doctor seems to have assumed that the defendant did in fact lose control of his leg just prior to the accident. Assuming that this fact was necessary to the foundation of the hypothetical questions asked of the doctor, the fact was later supplied when the defendant testified as follows:

"Q. Did something happen to your foot or leg?

"A. Apparently. You see, *I lost control of this leg* — the driving leg. It is the brake leg and the gas pedal leg — which is the right leg.

"Q. After you came to a stop, did you lose control of that leg?

"A. I apparently did because the car started forward. Then, I didn't stop the car. *I didn't have any control of the leg.*" [Emphasis supplied.]

The doctor's testimony was competent and admissible.

 Plaintiff next claims that the testimony of a disinterested rebuttal witness, one Nelson, shows as a matter of law that the accident was *not* unavoidable. Nelson was the driver of a car following the defendant's car just prior to the collision. Nelson testified that the defendant had been driving in an erratic manner for

about half a mile prior to reaching the scene of the accident. Plaintiff claims that this shows that defendant knew or should have known that he was not capable of driving in a competent manner and so was negligent in failing to pull over to the side of the road and stop. Suffice it to say that conflicting inferences can be drawn from the testimony of this witness and from the testimony taken as a whole. The trial judge determined that defendant was *not* negligent, and we cannot say that there was not sufficient evidence to support that finding. See, *Renell v. Argonaut Liquor Co.*, 148 Colo. 154, 365 P.2d 239.

█ Defendant alleges, as cross-error, the failure of the trial court to award costs to the defendant under the provisions of R.C.P. Colo. 68. Rule 68 reads as follows:

"At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer."

We have not, heretofore, been called upon to construe this rule. The record shows that defendants made, within the time limits provided in the rule, an offer of judgment pursuant to Rule 68. After denial of the motion for a new trial, the defendants filed a bill for costs in-

curred after the offer of judgment in the amount of $250. The trial court took no action on the bill of costs, and the judgment now provides that the parties shall pay their own costs. The defendant failed to move for amendment of the judgment as provided in R.C.P. Colo. 59(e), and there is nothing in the record before us to show that the trial court was given an opportunity to consider Rule 68 and to pass upon the validity of the defendant's claim for costs under that rule. Having failed to bring the matter to the attention of the trial court, defendant may not now be awarded costs.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE DAY, and MR. JUSTICE HODGES concur.