472 P.2d 745 (1970)
Clare BARNES, Plaintiff in Error,
v.
Harry FRANK, Defendant in Error.
No. 70-273. (Supreme Court No. 23628.)
Colorado Court of Appeals, Div. II.
July 14, 1970.
Fischer & Beatty, Fort Collins, for plaintiff in error.
O. Rex Wells, Samuel L. Anderson, Fort Collins, for defendant in error.
Selected for Official Publication.
*746 COYTE, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
The parties appear here in the same order as in the trial court and are referred to as they there appeared.
This case developed out of a collision between an automobile in which plaintiff was riding and animals on the highway owned by defendant. The animals had been kept in a field adjoining the highway, enclosed within the confines of an electric fence.
Plaintiff in her complaint alleged that defendant "negligently allowed several of his cattle to escape onto and remain on a public highway." In her pre-trial statement plaintiff stated:
"* * * Plaintiffs are unable to specify the particular negligent act of the defendant which allowed the cattle to escape but that under the circumstances the doctrine of res ipsa loquitur is applicable and that the burden is on the defendant to satisfy the jury that he is not, considering all the circumstances, negligent in allowing the cattle to escape."
On the morning of trial, prior to the selection of the jury, the defendant moved the court to dismiss plaintiff's complaint, for the reason that plaintiff had stated in her pre-trial statement that she could not designate any particular act of negligence on the part of defendant, but that she (plaintiff) would have to show negligence on the part of the defendant before she could recover. Plaintiff's attorney replied that they were relying on the doctrine of res ipsa loquitur and stated:
"I will state for the purpose of this hearing that we will admit that we are unable at this time or do not anticipate being able to specify the particular negligent act of the defendant which allowed the cattle to escape."
The court then stated:
"All right. The court feels that the doctrine of res ipsa loquitur is not applicable to this case, but that there must be some showing of negligence on the part of the defendant."
and thereupon dismissed plaintiff's complaint.
The sole issue presented by this appeal is whether or not the doctrine of res ipsa loquitur applies in a case where a motorist strikes an animal loose upon the highway. Simply defined, res ipsa loquitur is a shifting of the burden of going forward onto the defendant in a negligence action. This means that there is a presumption of negligence on the part of the defendant which exists until the defendant satisfies the jury by a preponderance of the evidence that he is not negligent. Where the res ipsa loquitur rule is applicable the court decides as a matter of law the existence of probable negligence making a prima facie case, the presumption being one of law, and it is conclusive unless the evidence given in explanation by the defendant destroys the presumption. Weiss v. Axler, 137 Colo. 544, 328 P.2d 88.
In Hook v. Lakeside Park, 142 Colo. 277, 351 P.2d 261, there is laid down the rule that in order for the doctrine to be applicable it must appear (1) that the instrumentality is under the exclusive control of defendant, (2) that the accident is of a kind which ordinarily does not occur in the absence of defendant's negligence, and (3) that it must not have been due to any voluntary act or contribution on the part of plaintiff.
Applying these standards to the present situation, it is clear that the requirement of number (2) above is not satisfied.
The fact that the cattle were on the highway does not in and of itself make defendant liable or raise a presumption of negligence against defendant. The cattle may have entered on the highway because of any number of factors, including possible *747 acts of third persons. The duty rests upon plaintiff to prove defendant was negligent by a preponderance of the evidence. When the plaintiff stated to the court in circumstances such as we have here that she "will not present evidence of any specific act of negligence on the part of the defendant," the court had no alternative but to dismiss her complaint.
Judgment affirmed.
DUFFORD and PIERCE, JJ., concur.