488 P.2d 1126 (1971)
OIL BUILDING CORPORATION, a Colorado corporation, Plaintiff in Error,
v.
Lou HERMANN, Defendant in Error.
No. 71-158, (Supreme Court No. 24376.)
Colorado Court of Appeals, Division II.
July 13, 1971.
Rehearing Denied August 4, 1971.
Certiorari Denied September 27, 1971.
*1127 Sheldon, Bayer, McLean & Glasman, Richard C. McLean, Denver, for plaintiff in error.
Edward B. Towey, Morgan Smith, Denver, for defendant in error.
Selected for Official Publication.
PIERCE, Judge.
This case was transferred from the Colorado Supreme Court pursuant to statute.
The parties appear here in reverse of their order of appearance below and will be referred to by their trial court designations or by name.
This is an appeal of an action for personal injuries brought by plaintiff who, at the time of the accident in question, was employed by an independent contractor supplying janitorial services at a building owned by defendant. Plaintiff and a co-worker entered an automatic freight elevator on the main floor of the building and pushed the button for the basement. They were the only persons in the elevator at the time. Plaintiff's co-worker testified that the elevator went down faster than usual, then stopped abruptly between floors with a jerk or bounce. This caused a large vacuum cleaner to roll against plaintiff's co-worker and both women were thrown off balance and to the floor. Plaintiff testified that she had a pre-existing back condition which was further aggravated by this accident.
Plaintiff presented no evidence as to the cause of the elevator's malfunction. Evidence presented by defendant indicated that the elevator stopped after a fuse had blown and a contact on a switch had burned out. It further showed several probable causes for the break in the electrical circuit which would not be attributable to any negligence on its part.
Upon trial to jury, a verdict was rendered in favor of plaintiff. Defendant here appeals on the sole issue of whether the doctrine of res ipsa loquitur should have been applied to the facts of this case.
In Colorado, the applicability of res ipsa loquitur is to be resolved by the trial court as a matter of law. Weiss v. Axler, 137 Colo. 544, 328 P.2d 88. In Hook v. Lakeside Park Co., 142 Colo. 277, 351 P.2d 261, the Colorado Supreme Court stated that in order for the doctrine to be applicable, it must appear (1) that the instrumentality is under the exclusive control of the defendant; (2) that the accident is of a kind which ordinarily does not occur in the absence of the defendant's negligence; and (3) that it must not have been due to any voluntary act or contribution on the part of the plaintiff. See Home Public Market v. Newrock, 111 Colo. 428, 142 P. 2d 272; Barnes v. Frank, Colo.App., 472 P.2d 745; W. Prosser, Torts § 201; F. Harper & F. James, Torts § 19.5. It appears that the second requirement has not been met in the instant case.
The doctrine of res ipsa loquitur is applicable only when negligence is either the predominant or the only reasonable explanation shown for the accident. Zimmerman v. Franzen, 121 Colo. 574, 220 P. 2d 344. In Saliman v. Silk, 118 Colo. 220, 194 P.2d 304, the Supreme Court stated that "When it can, with equal reasonableness, be inferred that the accident in question was due to another cause than the negligence of the defendant, the doctrine cannot be invoked." See, Hamilton v. Smith, 163 Colo. 88, 428 P.2d 706; Hook v. Lakeside Park Co., supra; Yellow Cab Co. v. Hodgson, 91 Colo. 365, 14 P.2d 1081.
We conclude that where, as here, on proof of the occurrence alone the accident could, with equal reasonableness, be attributed to causes other than the negligence of defendant, the doctrine of res ipsa loquitur was erroneously applied. Since plaintiff offered no evidence of any negligent act on the part of defendant, the trial court erred in failing to direct a verdict in favor of defendant.
Judgment is reversed with directions to dismiss the complaint.
SILVERSTEIN, C. J., and DWYER, J., concur.