506 P.2d 399 (1972)
Paulette Rose MAJORS by her next friend Robert S. Majors and Robert S. Majors, Individually, Plaintiffs-Appellees,
v.
J. C. PENNEY COMPANY, INC., a corporation, Defendant-Appellant and Third-Party Plaintiff-Appellant,
v.
The PEELLE COMPANY, a corporation, and Haughton Elevator Company, a Division of Reliance Electric Company, Third-Party Defendants-Appellees.
No. 72-031.
Colorado Court of Appeals, Div. I.
December 27, 1972.
Rehearing Denied January 16, 1973.
*400 Agee & Fann, Ron E. Ewing, Colorado Springs, for plaintiffs-appellees.
Horn, Anderson & Johnson, R. E. Anderson, Colorado Springs, for defendant-appellant and third party plaintiff-appellant.
Donald E. LaMora, Colorado Springs, for third party defendants-appellees.
Selected for Official Publication.
COYTE, Judge.
Paulette Rose Majors, a six-year-old child, her mother and a friend were shopping in the J. C. Penney Company, Inc., store in Colorado Springs. They had been on the second floor of the building and then, by use of the escalator, went to the main floor. While Mrs. Majors and her friend were looking at some items of merchandise a few feet from the bottom of the escalator, Paulette suddenly turned and ran a few steps up the escalator which was traveling down, then turned around and fell. Her dress caught in the escalator mechanism. She caught her left hand in the escalator. Her doctor testified that her hand was cut by a sharp object and required between 150 to 200 sutures to close the wound. The sharp object was not further identified by any of the parties.
This action was brought against J. C. Penney Company, Inc., by Paulette, by and through her father. J. C. Penney Company admitted that the minor plaintiff had caught her left hand in the escalator and generally denied negligence. It also filed a third-party complaint against the manufacturer and installer of the escalator, alleging that if it were liable to the plaintiff because of improper construction or maintenance that said third-party defendants would be liable over to defendant.
At the conclusion of the trial the court ruled:
". . . that the doctrine of res ipsa loquitur applies under the facts and circumstances of this case and that under said doctrine, the burden of proof shifts to the defendant to overcome the presumption of negligence by a preponderance of evidence and that the Defendant, J. C. Penney Company, Inc. failed to meet this requirement;
". . . That Third Party Defendant, The Peele Company, a Corporation, and Haughton Elevator Company, a Division of Reliance Electric Company, cannot be *401 held responsible under the doctrine of res ipsa loquitur and was, therefore, dismissed from the action;"
The court erred in applying the doctrine of res ipsa loquitur, and we therefore reverse the judgment of the trial court. In Oil Bldg. Corp. v. Hermann, 29 Colo.App. 564, 488 P.2d 1126, we stated:
"[T]hat in order for the doctrine to be applicable, it must appear (1) that the instrumentality is under the exclusive control of the defendant; (2) that the accident is of a kind which ordinarily does not occur in the absence of the defendant's negligence; and (3) that it must not have been due to any voluntary act or contribution on the part of the plaintiff."
Applying the standards as set forth in Oil Bldg. Corp. v. Hermann, supra, it is clear that the first requirement of the rule is satisfied but the other two are not. The escalator was under the control of the defendant. However, the accident is not of a kind which bespeaks negligence but one which could have occurred in the absence of negligence on the part of the defendant. Further, the accident could have been caused by some voluntary act of Paulette, or she may have contributed to the happening of the accident. While the plaintiff was a six-year-old child who could not herself be guilty of contributory negligence, still her act in starting up the escalator, which was moving downwards, could have contributed to the happening of the accident. The acts of an injured party which contribute to an accident may prevent the application of res ipsa loquitur even where, as here, such acts do not constitute contributory negligence.
Our review of the record indicates that there was evidence of circumstances from which the trial court could have found negligence without the aid of the presumption arising from the application of the doctrine of res ipsa loquitur.
The judgment of the trial court entered in favor of plaintiff and against defendant and the judgment dismissing the third-party complaint against the third-party defendants are reversed, and the case is remanded for a new trial.
DWYER and ENOCH, JJ., concur.