550 P.2d 886 (1976)
Marc E. TRACY, Plaintiff-Appellant,
v.
Wesley E. GRAF, Defendant-Appellee.
No. 75-106.
Colorado Court of Appeals, Div. III.
February 13, 1976.
Rehearing Denied April 8, 1976.
Certiorari Granted June 7, 1976.
*888 Frickey, Cairns, Wylder & Gilliam, P. C., Earl S. Wylder, Denver, for plaintiff-appellant.
Blunk, Johnson & Allspach, George Johnson, Denver, for defendant-appellee.
Selected for Official Publication.
BERMAN, Judge.
Plaintiff commenced this action to recover damages for personal injuries he suffered as a result of an automobile accident between the parties allegedly caused by defendant's negligence. The jury returned a verdict finding defendant 30% negligent and plaintiff 70% negligent. Judgment was entered thereon. We reverse.
At dawn on December 7, 1972, a vehicle driven by plaintiff "rear-ended" a vehicle stopped at an uncontrolled intersection. Plaintiff, who was not injured in this accident, put the automatic gearshift of his vehicle in the park position, got out and talked to the other driver, exchanging information with her. About five minutes later plaintiff went between the two cars, which were about two feet apart, straightened the license plate on the back of the other car, and was standing between the cars when defendant's car struck plaintiff's car in the rear, crushing plaintiff between them.
Although the weather was clear, the road was slick with ice and snow from a storm the preceding night. Plaintiff testified that the general road conditions that morning varied, with some areas being more slippery than others. He had been able to keep his car under control until he arrived at the accident scene where the road was more slippery than it had been at any other place. At this spot, he was unable to stop when he became aware of the other driver stopped in front of him.
Defendant was generally very familiar with this intersection, and, in fact, had driven through the intersection in the opposite direction that morning (before the accident) while taking his mother to work. He was returning at the time of the collision with plaintiff's vehicle. Prior to the collision, defendant, who was going 20 to 30 miles per hour, had been driving directly behind a pickup truck for about seven blocks at a distance of approximately 60 feet. The truck had an "extra large" camper on the back which interfered with defendant's visibility. As the truck and defendant's car approached the intersection, the truck started to slow down. Defendant thought it was slowing down for a dip he knew to be in the road, and he also slowed down. The truck then went to the left into the oncoming lane and defendant "first noticed the accident in front" of him. At that time he was about 40 to 60 feet from plaintiff's car. Defendant blew his horn, applied his brakes, and "made up [his] mind instantly ... to go to the right instead of going to the left around the vehicles and facing maybe a head-on collision with another vehicle coming east." There was a trailer parked *889 against the curb to his right about 20 feet behind plaintiff's car. As he came next to the trailer, he tried to turn to his right to pass between the trailer and the plaintiff's car. He then realized his wheels were locked, and "immediately started pumping his brakes." The left front fender of his car hit the right rear fender of plaintiff's car.
Plaintiff contends that the court erred in failing to give his tendered instruction dealing with the presumption of negligence arising from a rear-end accident. This presumption is a specific application of the doctrine of res ipsa loquitur. Hughes v. Worth, 162 Colo. 429, 427 P.2d 327; Iacino v. Brown, 121 Colo. 450, 217 P.2d 266. In a rear-end accident case, plaintiff is entitled to have the jury instructed that a rebuttable presumption of negligence on the part of the defendant arises "where there is evidence of the occurrence of [a rear-end] accident accompanied by prima facie evidence of defendant['s] negligence ...." Dilts v. Baker, 162 Colo. 568, 427 P.2d 882. It then devolves upon the defendant to introduce evidence to rebut the presumption, and whether the evidence is sufficient for this purpose is to be determined by the jury. Hughes v. Worth, supra. And, as with res ipsa loquitur generally, for the presumption to arise, there is the additional requirement that the plaintiff be free from negligence, Dilts, supra, but this question also is for the jury. Gaulin v. Templin, 162 Colo. 55, 424 P.2d 377; see also Rudolph v. Elder, 105 Colo. 105, 95 P.2d 827.
Here, there was evidence of negligence on the part of the plaintiff, and, in fact, the jury found the plaintiff to be contributorily negligent. Accordingly, under prior case law on the doctrine of res ipsa loquitur generally, Hook v. Lakeside Park Co., 142 Colo. 277, 351 P.2d 261; Majors v. J. C. Penney Co., Inc., 31 Colo.App. 568, 506 P.2d 399; Oil Building Corp. v. Hermann, 29 Colo.App. 564, 488 P.2d 1126, and on its specific application to rear-end accidents, Gaulin v. Templin, supra, the court's refusal to give the tendered instruction would, at the most, be harmless error.
This case, however, was tried under the comparative negligence statute, § 13-21-111(1), C.R.S.1973, which provides that "[c]ontributory negligence shall not bar recovery in any action ... for negligence... if such negligence was not as great as the negligence of the person against whom recovery is sought." Thus, by the clear mandate of this statute, contributory negligence of a lesser degree than defendant's negligence may no longer operate, either directly or indirectly, to deny all recovery to an otherwise qualified plaintiff.
Our statute is almost identical to the Wisconsin comparative negligence statute, Wis.Stat.Ann. § 895.045 (1975 Supp.), and the Supreme Court of that state has, on several occasions prior to the adoption of our statute, addressed the issue of the effect of such a statute on the doctrine of res ipsa loquitur. Therefore, we are guided by the rule of statutory construction which provides that when our legislature adopts substantially a statute of another state, it is presumed the legislature intended that such statute should receive the same construction by the courts of this state as that given it by the courts of the foreign state prior to its adoption in this state. Vandermee v. District Court, 164 Colo. 117, 433 P.2d 335; Hoen v. District Court, 159 Colo. 451, 412 P.2d 428; Vider v. Zavislan, 146 Colo. 519, 362 P.2d 163.
Consequently, we look to Wisconsin's treatment of this issue and hold that evidence of contributory negligence no longer operates to preclude the doctrine of res ipsa loquitur from being utilized in a negligence action. As stated by the Wisconsin Supreme Court, "[f]reedom from contributory negligence is not a requirement for the application of res ipsa loquitur," instead, "plaintiff's contributory negligence, if any, goes to the question of comparison of negligence as between *890 the plaintiff and the defendant." Turk v. H. C. Prange Co., 18 Wis.2d 547, 119 N.W.2d 365; Welch v. Neisius, 35 Wis. 2d 682, 151 N.W.2d 735. We find the reasoning of the Supreme Court of Wisconsin on this issue persuasive, in conformity with the objectives of our statute, and not opposed to the public policy of this state; accordingly, we adopt the rationale of these opinions. We note that these decisions of the Wisconsin Supreme Court have been recently reaffirmed in Turtenwald v. Aetna Casualty & Surety Co., 55 Wis.2d 659, 201 N.W.2d 1.
Accordingly, here, all presently applicable conditions of the Dilts test were met, and plaintiff was entitled to an instruction on the pertinent facet of the res ipsa loquitur doctrine, namely, that the driver of the following vehicle in a rear-end accident is presumed negligent. And, in accordance with the above discussion, that instruction should contain no requirement that its application is dependent on plaintiff's being free from contributory negligence.
Although plaintiff tendered Colorado Jury Instructions 11:11, which instruction requires the jury to find the plaintiff "free from negligence" before the presumption could arise, that defect in the tendered instruction does not vitiate the court's error in failing to give a proper instruction on the presumption.
Even though counsel may have failed to tender an entirely suitable instruction, the court had a duty to instruct on the presumption arising from a rear-end accident since the evidence supported such an instruction and since a timely request was made. Davis v. Cline, 177 Colo. 204, 493 P.2d 362; see also Vespe v. DiMarco, 43 N.J. 430, 204 A.2d 874. As noted above, a proper instruction should omit any reference to negligence on the part of the plaintiff.
Nor do we agree with defendant's contention that the presumption was inapplicable because plaintiff's car was stopped and he was outside his automobile. In Iacino v. Brown, supra, the court held the presumption applied when a vehicle parked at the curb was struck in the rear. And, the fact that plaintiff was outside his vehicle at the time is irrelevant; the presumption does not depend on such a fortuitous circumstance. Rather, the presumption applies because plaintiff's vehicle was struck in the rear.
Had a proper instruction been given, the apportionment of negligence between the parties might well have been different. Accordingly, reversal is required.
To avoid error on retrial, we deem it advisable to discuss certain other issues on review.
Plaintiff argues that the court erred in giving Colorado Jury Instructions 9:7, concerning actions taken in a sudden emergency. He contends that the instruction was inapplicable under the facts and that even if there were a sudden emergency, it was self-created as a result of the fault of the defendant.
A sudden emergency instruction in a rear-end accident case is proper where, as here, there is evidence to support that theory of defense. Cudney v. Moore, 163 Colo. 30, 428 P.2d 81. Defendant's visibility was obstructed by the camper until 40 to 60 feet before the accident. Defendant did not know if it were safe to follow the camper into the oncoming traffic lane and his attempts to swerve to the right were complicated by a trailer parked about 20 feet behind plaintiff's vehicle. It was for the jury to determine, under the circumstances, whether an unforeseen emergency existed, and, if so, whether defendant was at fault for its creation. Bartlett v. Bryant, 166 Colo. 113, 442 P.2d 425.
Plaintiff also contends the court erred in failing to instruct the jury on the local ordinance proscribing careless driving. We disagree.
Besides being instructed on a general definition of negligence, the jury was instructed on the local ordinance relating to special hazards, that a violation of this *891 ordinance constitutes negligence, and that a driver has a duty to maintain a proper lookout and to drive at a speed no greater than is reasonable and prudent under the conditions then existing.
Reading the instructions as a whole, we find that the failure to give the instruction on the careless driving ordinance was not error. Since plaintiff's theory of the case was adequately covered in the instructions given, submission of plaintiff's tendered instruction on careless driving would have been merely repetitious. Pletchas v. Von Poppenheim, 148 Colo. 127, 365 P.2d 261. Furthermore, the special hazards ordinance was more specifically applicable to the evidence presented and imposed a higher degree of care on defendant than the careless driving ordinance.
Plaintiff also contends that the court erred in admitting evidence of a football injury suffered by plaintiff four years before the accident. We hold the evidence was properly admitted.
First, the evidence of the prior back injury was relevant to contradict plaintiff's testimony that he had never had any difficulties or pain with reference to his back. Secondly, there was evidence that plaintiff had a congenital anomaly in the low back and that there was an aggravation of this pre-existing condition as a result of the accident with defendant. Plaintiff requested and received an instruction on aggravation of a pre-existing physical condition, and therefore put his prior physical condition in issue. Thus, the evidence of the prior injury was relevant. Pueblo v. Ratliff, 131 Colo. 381, 281 P.2d 1021. Plaintiff's evidence that the prior injury had healed does not affect admissibility; whether such healing had occurred is an issue for the jury.
Finally, the circumstances of the accident clearly presented factual issues as to the extent of liability of each party, and therefore there was no error in the court's refusal to grant plaintiff a directed verdict as to defendant's liability. See Maloney v. Jussel, 125 Colo. 125, 241 P.2d 862.
Judgment reversed and the cause remanded for a new trial in accordance with the views expressed herein.
RULAND, J., concurs.
VanCISE, J., dissents.
VanCISE, Judge (dissenting):
The majority reverses for failure of the trial court to give an instruction on the presumption of negligence arising from a rear-end accident. It relates that the presumption was originally merely a specific application of the doctrine of res ipsa loquitur, and that, for the presumption to arise, the plaintiff had to be free from negligence  which issue was for the jury to determine. Citing three Wisconsin cases as authority, it then holds that, with the advent in Colorado of the comparative negligence statute, existence of contributory negligence no longer precludes the doctrine of res ipsa loquitur from being utilized in a negligence action. From that, it concludes that the plaintiff here was entitled to and that it was reversible error not to give Colorado Jury Instructions 11:11, with the former qualification "[i]f a driver of a motor vehicle is free from negligence" deleted  even though the plaintiff's tendered instruction included the qualification.
I do not agree with either the result or the rationale. Res ipsa loquitur is a rebuttable presumption of negligence that arises in the unusual case where the proof shows (1) that the instrumentality proximately causing the injuries was in defendant's exclusive control, (2) that such injuries would probably not have been caused by such instrumentality had the defendant exercised reasonable care, Home Public Market v. Newrock, 111 Colo. 428, 142 P.2d 272, and (3) that the accident was not due to any voluntary act or occurrence on *892 the part of the plaintiff. Hook v. Lakeside Park Co., 142 Colo. 277, 351 P.2d 261; Majors v. J. C. Penney Co., 31 Colo.App. 568, 506 P.2d 399; Barnes v. Frank, 28 Colo.App. 389, 472 P.2d 745. It takes more than the mere happening of the accident to set the rule in operation. Home Public Market, supra; Oil Building Corp. v. Hermann, 29 Colo.App. 564, 488 P.2d 1126. In the instant case, the majority admits that there was evidence of specific negligent acts on the part of both parties. The jury so found and allocated 70% of the combined negligence to the plaintiff. Under these circumstances, there is no basis for the application of res ipsa loquitur. Brighton v. De Gregorio, 136 Colo. 1, 314 P.2d 276; Denver Dry Goods Co. v. Pender, 128 Colo. 281, 262 P.2d 257; see Majors, supra.
The majority concedes that, prior to the adoption of the comparative negligence law, the presumption would not have arisen under the circumstances of this case because of the evidence of plaintiff's contributory negligence. I see no reason for changing the rule. Also, with affirmative evidence of defendant's negligence, the presumption is not needed.
A rear-end collision which occurs without any negligence of the plaintiff whatsoever and in such a manner that plaintiff could not reasonably be expected to account for the cause of the accident gives rise to a presumption of negligence on the part of the defendant. Hughes v. Worth, 162 Colo. 429, 427 P.2d 327. An instruction on that presumption, including the qualification about the plaintiff being free of negligence, is appropriate under the proper circumstances. However, examination of the record in the instant case clearly establishes negligence and contributory negligence, and verdicts could have been directed on those issues. The only strictly jury question was, under comparative negligence, how much of the combined negligence was attributable to each. Believing that negligence need not even have been submitted to the jury and that plaintiff's contributory negligence was clear, I see no error in not instructing on a rear-end collision presumption.
I would affirm the judgment of the trial court.