Danielle **MANZI**, by her next friend Mary **MANZI, Mary Manzi and Larry Manzi, Plaintiff–Appellant,**

v.

**MONTGOMERY ELEVATOR COMPANY, Defendant–Appellee.**

No. 92CA0589.

Colorado Court of Appeals, Div. III.

Oct. 7, 1993.

Rehearing Denied Nov. 12, 1993.

Geil, Jeffers & Waitkus, P.C., Philip D. Geil, Boulder, for plaintiff-appellant.

Vanatta, Sullan, & Sandgrund, P.C., Dean R. Vanatta, Curt T. Sullan, Englewood, for defendant-appellee.

Opinion by Judge JONES.

In this personal injury action, plaintiff, Danielle Manzi, appeals the judgment entered on a directed verdict in favor of defendant, Montgomery Elevator Company. Plaintiff also appeals from the order imposing sanctions against her attorney pursuant to § 13–17–101, et seq., C.R.S. (1987 Repl. Vol. 6A). We reverse the judgment in favor of defendant and dismiss the appeal of the sanctions order.

While shopping at a mall, plaintiff boarded an ascending escalator that was manufactured and serviced by defendant. As she was completing her ride, the toe of one of her tennis shoes became trapped when two step treads came together, and her shoe was then caught under the stationary comb plate at the top of the escalator.

At trial, plaintiff declined to present any direct evidence concerning the design or operation of the escalator, and instead relied upon the doctrine of *res ipsa loquitur* to establish that the accident was caused by defendant's negligence. At the close of plaintiff's evidence, the court ruled that *res ipsa loquitur* was inapplicable because plaintiff had failed to show that the accident did not result from causes other than defendant's negligence. Accordingly, the court directed a verdict in favor of defendant. The court subsequently ruled that plaintiff's claim

lacked substantial justification, and it entered an order assessing attorney fees against plaintiff's counsel pursuant to § 13–17–101, et seq., C.R.S. (1987 Repl.Vol. 6A).

## I.

On appeal, plaintiff contends that the court erred in entering a directed verdict for defendant. We agree.

■ *Res ipsa loquitur* is a rule of evidence which defines circumstances under which a presumption of negligence will arise as a matter of law. Such a presumption becomes operative when a particular unexplained occurrence creates a prima facie case of negligence without proof of specific misfeasance. *Holmes v. Gamble,* 624 P.2d 905 (Colo.App. 1980), *aff'd,* 655 P.2d 405 (Colo.1982).

■ In order for the rule to apply, a plaintiff must establish the following: (1) the event is of the kind that ordinarily does not occur in the absence of negligence; (2) responsible causes other than the defendant's negligence are sufficiently eliminated; and (3) the presumed negligence is within the scope of defendant's duty to the plaintiff. *Bettner v. Boring,* 764 P.2d 829 (Colo.1988).

■ "To withstand a defense motion for a directed verdict on a cause of action premised on *res ipsa loquitur,* a plaintiff must adduce evidence, which, when viewed in a light most favorable to the plaintiff, establishes that the existence of each element is more probable than not." *Holmes v. Gamble, supra,* 655 P.2d at 409.

■ Here, a series of factors shown by the record reveals that *res ipsa loquitur* ought to have been applied by the trial court. The evidence revealed that plaintiff was riding the escalator in a common, non-negligent manner. Her tennis shoe was trapped by the escalator mechanism in a way as had never been experienced by her or by witnesses present at the time. Thus, it was a highly unusual accident which ordinarily would not occur in the absence of negligence.

Defendant's reliance on the case of *Majors v. J.C. Penney Co.,* 31 Colo.App. 568, 506 P.2d 399 (1972), to rebut the conclusion that the escalator malfunctioned is not persuasive.

The *Majors* case is distinguishable from this case because of the difference between the size of the child's finger which, there, was trapped in the larger space at the side of the escalator, and the size of the tennis shoe that, here, was trapped in a space between the step treads and the combplate which, when tested, would not allow a piece of paper or the edge of a clipboard.

Additionally, the child injured in *Majors* was engaged, voluntarily, in running up an escalator that was moving down, during which she fell and caught a finger. Here, the injury occurred as plaintiff was riding the escalator in the way in which it was intended to be used. *See Montgomery Elevator Co. v. Gordon,* 619 P.2d 66 (Colo.1980).

Under these circumstances, we conclude that the court erred in failing to determine that the first two elements of *res ipsa loquitur* had been demonstrated.

The record also shows the defendant's exclusive control of the escalator. As manufacturer and exclusive maintenance entity of the escalator, as well as having exclusive physical access to the locked area containing the controls of the escalator, defendant had exclusive control of the escalator. Plaintiff and other members of the public, and even the mall manager and mall employees, had no access to such controls.

Thus, the record reveals that plaintiff had presented sufficient evidence to invoke the doctrine of *res ipsa loquitur* and to preclude entry of a directed verdict. *See Montgomery Elevator Co. v. Gordon, supra; Branco Eastern Co. v. Leffler,* 173 Colo. 428, 482 P.2d 364 (1971). *See also Adams v. Leidholdt,* 38 Colo.App. 463, 563 P.2d 15 (1976), *aff'd,* 195 Colo. 450, 579 P.2d 618 (1978).

## II.

■ Plaintiff next contends that the trial court erred in assessing attorneys fees against her counsel pursuant to § 13–17–101, et seq., C.R.S. (1987 Repl.Vol. 6A). In light of our ruling above, we would be disposed to agree. However, since plaintiff's attorney has not filed a separate notice of appeal and plaintiff's notice did not name the attorney as

an appellant, we are jurisdictionally barred from addressing this contention. *See Maul v. Shaw*, 843 P.2d 139 (Colo.App.1992).

We do not view this appeal as frivolous, and we, therefore, reject defendant's request for an award of attorney fees.

The appeal of the order awarding attorney fees is dismissed. The judgment in favor of defendant is reversed, and the cause is remanded for further proceedings.

TURSI and ROTHENBERG, JJ., concur.